In the Matter of the Arbitration between ISIDORE LIPSCHUTZ et al., Respondents, and ALBERT GUTWIRTH, Appellant.

First Department, April 10, 1951.

*Max A. Gulack* of counsel (*Louis Masheb* with him on the brief), for appellant.

*Leon Finley*, attorney (*David S. Meyer* with him on the brief), for respondents.

*Per Curiam.* This controversy arises from a partnership agreement between the parties to this proceeding. Charles Gutwirth and Albert Gutwirth are father and son. Isidore Lipschutz and Charles Gutwirth are brothers-in-law. The agreement contained a general arbitration clause which provided that in event of a dispute Isidore Lipschutz should select one arbitrator, Charles and Albert Gutwirth should select another arbitrator, and that the two arbitrators thus appointed should thereupon select a third arbitrator. It happens that when a controversy did arise, the alignment of the partners was different from that which had been contemplated by this clause in the agreement. The father and his brother-in-law are on one side, and the son is opposed to them. The brother-in-law selected one arbitrator, a second has been chosen by the court under the order appealed from (since father and son could not agree upon the same man, as the contract contemplated), and these two have selected a third. The consequence is that one

side in the dispute has been permitted to choose an arbitrator, but the opposing side has been denied this privilege. In view of this unexpected alignment between the partners, we think that the method provided in the contract for the appointment of arbitrators has failed and that the contract should be construed as though no method were provided therein. However, the arbitration clause should not for that reason be rendered ineffectual, and we think that a single arbitrator should be appointed by the court, as authorized in that contingency by section 1452 of the Civil Practice Act.

The notice defining the nature and scope of the controversy to be arbitrated is too vague, and a suitable notice should be served in order to apprise appellant of the issue to be met before the arbitration hearings commence.

The exact procedure may be provided for upon settlement of the order, as well as the naming of the arbitrator who should, if possible, be agreed upon by the attorneys for both parties when the order is settled.

The order appealed from should be modified as above stated, with $20 costs and printing disbursements to appellant. Settle order.

Peck, P. J., Glennon, Van Voorhis, Shientag and Heffernan, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and printing disbursements to the appellant. Settle order on notice.