In the Matter of the Arbitration between Isidore Lipschutz et al., Appellants, and Albert Gutwirth, Respondent.

Argued January 25, 1952; decided April 17, 1952.

*Leon Finley* and *David S. Meyer* for appellants. I. The contract provided for the appointment of three arbitrators and the Appellate Division under the guise of interpretation or construction could not make a new contract or change the terms of the present contract between the parties. (*Mandel* v. *Liebman,* 303 N. Y. 88; *Youssoupoff* v. *Widener,* 246 N. Y. 174; *Ga Nun* v. *Palmer,* 216 N. Y. 603; *Matter of Kallus [Ideal Novelty & Toy Co.],* 292 N. Y. 459; *Gilbert* v. *Burnstine,* 255 N. Y. 348; *Rosenthal* v. *American Bonding Co.,* 207 N. Y. 162; *Brainard* v. *New York Central R. R. Co.,* 242 N. Y. 125; *Friedman* v. *Handelman,* 300 N. Y. 188; *Heller & Henretig, Inc.,* v. *3620–168th St., Inc.,* 302 N. Y. 326; *Matter of Bullard [Grace Co.],* 240 N. Y. 388; *Matter of Lipman [Haeuser Shellac Co.],* 289 N. Y. 76; *Matter of Kahn [National City Bank],* 284 N. Y. 515.) II. The appointment of a sole arbitrator to serve without restrictions as to hearing or compensation was an improper exercise of discretion by the Appellate Division. (*Matter of Lipman [Haeuser Shellac Co.],* 289 N. Y. 76; *Matter of Meng,* 227 N. Y. 264; *Hoops* v. *Hoops,* 292 N. Y. 428; *Matter of Webster [Van Allen],* 217 App. Div. 219; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.,* 252 N. Y. 284; *Waldo* v. *Schmidt,* 200 N. Y. 199; *People* v. *Hall,* 169 N. Y. 184; *Matter of Bar Assn. of City of N. Y.,* 222 App. Div. 580; *Matter of Barkley* v. *New York Central & H. R. R. R. Co.,* 42 App. Div. 597; *Louisiana Constr. Corp.* v. *Cortland Bay Shore Corp.,* 274 App. Div. 813; *Matter of Orange Pulp & Paper Mills [Pulp Sales Corp.],* 285 N. Y. 752.)

*Max A. Gulack* for respondent. I. The exclusion of respondent only in the selection of arbitrators would deprive him of a substantial contractual right, and such exclusion would constitute a denial to him of status equal to that accorded to appellants; such exclusion would also operate to deprive the arbitration of the balance and impartiality which are essential to an arbitration proceeding. The Appellate Division properly appointed a single arbitrator in order to give effect to the arbitration clause. (*Matter of Feuer Transp., Inc. [Local No. 445],* 295 N. Y. 87; *Matter of Marchant* v. *Mead-Morrison Mfg.*

*Co.,* 252 N. Y. 284; *Day* v. *Hunt,* 112 N. Y. 191; *Matter of Hunter [Proser],* 274 App. Div. 311; *Matter of Barkley* v. *New York Central & H. R. R. R. Co.,* 42 App. Div. 597.) II. Appellants became identified with each other for all purposes and their actions and position are indivisible. (*Matter of Lipschutz [Gutwirth],* 279 App. Div. 652.) III. The facts demonstrate that the appointment of an arbitrator by Lipschutz of itself must create an improper and unbalanced board, particularly as such arbitrator will help to determine the formation of the board, as finally constituted. (*Matter of American Eagle Fire Ins. Co. [New Jersey Ins. Co.],* 240 N. Y. 398; *Oakley* v. *Aspinwall,* 3 N. Y. 547; *Fudickar* v. *Guardian Mut. Life Ins. Co.,* 62 N. Y. 392; *Day* v. *Hunt,* 112 N. Y. 191; *Matter of City of Rochester,* 208 N. Y. 188; *Wilcox* v. *Supreme Council of Royal Arcanum,* 210 N. Y. 370; *Matter of Fletcher,* 237 N. Y. 440; *McCormick* v. *Walker,* 158 App. Div. 54; *Matter of Friedman,* 215 App. Div. 130; *Empire Plexiglass Corp.* v. *Levitt Corp.,* 192`Misc. 251; *Matter of Albert [Spiegelberg],* 146 Misc. 811.)

CONWAY, J. This is an appeal, as of right, from an order of the Appellate Division, First Department, unanimously modifying on the law and the facts an order of Special Term of Supreme Court, New York County, directing that the parties proceed to arbitration and appointing an arbitrator.

Appellants, Isidore Lipschutz and Charles Gutwirth, and respondent, Albert Gutwirth, nephew of Isidore and son of Charles, are parties to a partnership agreement. An arbitration clause in that agreement provides for the arbitration of disputes by three arbitrators — " the First Party [Isidore Lipschutz] shall select his arbitrator, and the Second and Third Parties [Charles and Albert Gutwirth, father and son] jointly shall select their arbitrator; and the two arbitrators shall thereupon select a third arbitrator. * * * "

Controversies arose between appellants and respondent due to the latter's alleged lack of concern for the welfare of the partnership. Pursuant to the arbitration clause Isidore demanded that the controversy be submitted to arbitration and designated his arbitrator. Albert and Charles could not, however, agree upon a joint arbitrator — due, among other things, to Albert's insistence that he be permitted to select an arbitrator independently since the interests of Charles and Isidore in the controversy

were identical and adverse to his. Upon motion made by appellants and pursuant to sections 1450 and 1452 of the Civil Practice Act, Special Term appointed a joint arbitrator for Charles and Albert and directed that arbitration proceed. That joint arbitrator together with the arbitrator selected by Isidore chose a third person as provided by the agreement of the parties. Respondent thereupon appealed to the Appellate Division which was of the opinion that because of the change in alignment of the partners, not contemplated when the agreement was entered into, the contract providing for arbitration " should be construed as though no method [for appointing arbitrators] were provided therein." (278 App. Div. 132, 133.) That court then entered an order appointing a single arbitrator and directing that arbitration proceed before such person.

The sole question presented on this appeal is whether, under the circumstances presented, it was error for the Appellate Division to disregard the provisions of the contract of the parties which provided for the settlement of disputes by a panel of three arbitrators, one of whom was to be selected by appellant Isidore.

Appellants contend that the Appellate Division, in appointing a single arbitrator, has rewritten the contract of the parties. Respondent, on the other hand, argues that the designation of a single arbitrator was a proper exercise of discretion, especially since appellants allegedly seek to deprive respondent of his interest in the firm.

The present statutory provisions regarding arbitration are to be found in article 84 of the Civil Practice Act (L. 1937, ch. 341, as amd.). The purpose of that article is to give effect to contracts providing for the settlement of disputes before tribunals of the parties' own choosing by rendering such agreements irrevocable and, in effect, subject to specific enforcement. The provisions of article 84 are intended to strengthen — not change — the rights and obligations of parties to arbitration agreements. The law " does not bring the contract into being, but adds a new implement, the remedy of specific performance, for its more effectual enforcement." (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284, 293.)

The spirit of the arbitration law being the fuller effectuation of contractual rights, the method for selecting arbitrators and

the composition of the arbitral tribunal have been left to the contract of the parties. Sections 1450, 1453, and 1462 of article 84 bear witness to the fact that the Legislature in enacting that article intended that the Supreme Court give due regard to the method and procedure prescribed by the contract of the parties. However, at times parties, for one reason or another, fail to make provision for a method of naming arbitrators or fail to designate in their contract the panel of arbitrators or the arbitrator who is to settle their dispute. An order directing the parties to agree on the matter in dispute would be impractical since an agreement, by its very nature, is dependent upon the concurrence of free wills and cannot be brought into existence by coercion. Moreover, even though a method has been provided, a party may refuse to avail himself of his right, under the contract, to select an arbitrator. In the absence of statutory provision for the appointment of arbitrators under those circumstances, the plan for arbitration could be thwarted and the right of the other party or parties rendered valueless. Section 1452 of the Civil Practice Act, conferring power upon the Supreme Court to designate arbitrators, was enacted to cover such situations. It is apparent from a reading of section 1452 that it is but part of the overall plan of article 84 of the Civil Practice Act to honor the contractual rights and obligations of the parties. That section is entitled, "*Provision in case of failure to name arbitrator or umpire*" and provides: "If, in the contract for arbitration * * * provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or for any reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then, upon application by either party to the controversy, the supreme court, or a judge thereof, shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said contract * * * with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided, the arbitration shall be by a single arbitrator."

From the plain wording of that section it will be seen that if the parties have provided for a method of naming or appointing

an arbitrator the Supreme Court shall follow such method and is empowered to designate an arbitrator only if "any party thereto shall fail to avail himself of such method, or for any reason there shall be a lapse in the naming of an arbitrator or arbitrators * * *." It is also clear that the power of the court to provide for arbitration by a single arbitrator is limited to those cases where the parties have not provided otherwise — *"unless otherwise provided,* the arbitration shall be by a single arbitrator." (Emphasis supplied.)

The right to have disputes adjusted by several rather than one arbitrator is not to be lightly regarded. The widespread practice of parties to arbitration agreements of making provision for those rights indicates the value placed upon them. Our appellate systems are a result of the general view that there is less possibility for error where the question for decision is to be considered by a tribunal consisting of more than one person.

Here the contract of the parties provides for a panel comprised of three persons. Appellant Isidore has the *contract right to appoint one arbitrator.* Appellant Charles and respondent Albert have the *contract right to appoint a second arbitrator.* The two arbitrators thus selected have the *contract power* to select a third arbitrator. Despite those facts the Appellate Division has sought to compel the parties to submit their controversy to a single arbitrator. Clearly since Charles and Albert cannot agree upon an arbitrator the Supreme Court, under the provisions of section 1452, has the *statutory power* to appoint an arbitrator for Charles and Albert jointly. However, that is the limit of the court's power. The arbitrator so selected and the one chosen by Isidore will select a third.

Undoubtedly the Supreme Court in acting in arbitration matters does act as a court of equity — it applies equitable principles and enjoys a certain latitude of discretion. (*Matter of Feuer Transp., Inc.* [*Local No. 445*], 295 N. Y. 87; *Western Union Tel. Co.* v. *Selly,* 295 N. Y. 395.) Furthermore, it is familiar law that equitable relief may be tailored to the demands of circumstances and that the granting of the remedy of specific performance rests in the broad discretion of the court. (2 Story, Equity Jurisprudence [14th ed.], §§ 1026–1027, pp. 407–408.) However, it is also well established that equitable discretion is limited to the necessities of the situation. In addition in matters

arising under article 84 that discretion must be exercised in consonance with the agreement made by the parties and to that extent it may be said that the discretion of the court in arbitration matters is not as broad and untrammeled as that of equity generally. The court should, unless there exists a real probability that injustice will result, adhere to the method established by the contract and forego the rewriting of the contract for the parties. No such probability exists here.

Let us assume for the purpose of discussion a situation where a dispute arises and the alignment remains the same as that supposedly contemplated at the time the contract was drawn viz., Charles and his son Albert arrayed against Isidore. It is conceivable that Charles and Albert, though their interests in the dispute be identical, would be unable to agree on the joint arbitrator. Upon petition of one of the parties, the court acting under section 1452 would, presumably, appoint a joint arbitrator for Charles and Albert. The effect would be the same as that resulting from Special Term's order in the instant matter: One " side " — Isidore — would be permitted to choose one arbitrator and the other arbitrator would be appointed by the court. If in that situation the court could appoint a single arbitrator the result would be that Isidore's right to appoint an arbitrator and to have disputes decided by three arbitrators for which he had contracted could be defeated at any time by his partners' actual or feigned inability to agree upon their joint arbitrator. Certainly under those circumstances the court would not have the power to so disregard the contract of the parties. We are unable to perceive any good reason why the result should be any different simply because the alignment of the partners has changed. The fact that one " side " will be able to appoint its arbitrator whereas the other " side " will be required to accept the court's choice does not work such injustice that contractual rights may be disregarded.

The view that an arbitrator chosen by a party is merely that party's agent and will act in a partial manner, as suggested by respondent, may not be accepted. Under section 1455 of the Civil Practice Act arbitrators swear " faithfully and fairly to hear and examine the matters in controversy and to make a just award according to the best of their understanding * * *." If that oath be violated and an award procured by

fraud or corruption or if an award be tainted by partiality or interest of an arbitrator, it will be vacated. (*Matter of Shirley Silk Co.* [*American Silk Mills*], 260 App. Div. 572; *Matter of Friedman,* 215 App. Div. 130; Civ. Prac. Act, § 1462.) Upon a showing that there is reason to believe that an arbitrator is incapable of discharging his duties in an impartial manner he may be removed. (*Western Union Tel. Co.* v. *Selly,* 295 N. Y. 395, *supra.*) Thus it is clear that the law provides adequate protection for the interests of Albert.

Of course the right to designate an arbitrator is as valuable to Albert as it is to Isidore. But Isidore contracted for the right to do so independently and Albert did not. We do not see that harm may result from honoring the contractual right of Isidore to select an arbitrator or that any useful purpose will be served by altering the framework within which the parties have agreed that their disputes be settled.

The order of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, DYE, FULD and FROESSEL, JJ., concur with CONWAY, J.; DESMOND, J., dissents for the reasons stated by the Appellate Division in its *Per Curiam* opinion.

Ordered accordingly.