In the Matter of the Arbitration between AMTORG TRADING CORPORATION, Respondent, and CAMDEN FIBRE MILLS, INC., Appellant.

Submitted October 24, 1952; decided December 5, 1952.

*Alexis C. Coudert* and *A. Michael Frothingham* for appellant. I. Amtorg waived the right to demand arbitration. (*Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15; *Nagy* v. *Arcas Brass & Iron Co.,* 242 N. Y. 97; *Matter of Feuer Transp.* [*Local No. 445*], 295 N. Y. 87; *Uhrig* v. *Williamsburgh City Fire Ins. Co.,* 101 N. Y. 362; *Boyle* v. *Hamburg-Bremen Fire Ins. Co.,* 169 Pa. 349; *Moyer* v. *Sun Ins.,* 176 Pa. 579; *Rice* v. *Insurance Co.,* 17 Pa. Superior Ct. 261; *London & Lancashire Fire Ins. Co.* v. *Storrs,* 71 F. 120.) II. The U. S. S. R. Chamber of Commerce Foreign Trade Arbitration Commission is disqualified as a matter of law to act as arbitrator between these parties. (*Matter of Friedman* [*Friedman*], 215 App. Div. 130; *Matter of Knickerbocker Textile Corp.* [*Sheila-Lynn, Inc.*], 172 Misc. 1015; *Matter of United Elec., Radio & Mach. Workers* [*General Elec. Co.*], 193 Misc. 146; *Matter of Miller* [*Weiner*], 260 App. Div. 444; *Matter of Dodge & Stevenson Mfg. Co.,* 77 N. Y. 101; *Leonard* v. *Mulry,* 93 N. Y. 392; *Matter of Ryers,* 72 N. Y. 1.) III. Camden is not chargeable with notice in 1947 of the facts establishing disqualification. IV. The order of Special Term was proper. (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58; *Ballas* v. *Mann,* 82 N. Y. S. 2d 426; 6 Williston on Contracts [Rev. ed.], § 1923-A; *Matter of Avalon Fabrics* [*Raymill Fabrics Corp.*], 195 Misc. 267; *Matter of Albert* [*Spiegelberg*], 146 Misc. 811; *Palmer Plastics* v. *Rubin,* 108 N. Y. S. 2d 514.)

*Charles Recht, Osmond K. Fraenkel* and *Jacob Lefkowitz* for respondent. I. Camden is bound by its contract to arbitrate. (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58; *Matter of Avalon Fabrics* [*Raymill Fabric Corp.*], 195 Misc. 267.) II. The arbitrator named in the contract is competent to act. III. Amtorg never waived arbitration.

*Per Curiam.* Appellant, Camden Fibre Mills, Inc. (hereinafter called Camden), as purchaser, entered into a contract with Amtorg Trading Corporation (hereinafter called Amtorg), as seller, on September 17, 1947. Amtorg is a domestic corporation, organized in 1924, but is in effect an agency of the Soviet Government in carrying on trade and commerce in this country. Camden is a Pennsylvania corporation. The contract provides for arbitration of disputes — not settled by agreement of the

parties' representatives in New York — before the U. S. S. R. Chamber of Commerce Foreign Trade Arbitration Commission in Moscow, U. S. S. R. Such commission is a public organization, subject to the general supervision of the People's Commissariat for Foreign Trade. It is however a juridical person, having power to own property, make contracts, sue and be sued; it has its own income, funds and budget, and conducts its own elections.

The Appellate Division has certified to us two questions:

"1. Did the Court at Special Term commit error in appointing a substitute arbitrator in New York in lieu of the arbitrator in Moscow designated in the contract dated September 17, 1947, between the parties?

"2. On the record in this case should prosecution of the action herein commenced by Camden Fibre Mills, Inc. against Amtorg Trading Corporation for the latter's breach of the contract dated September 17, 1947, between said parties, be stayed until arbitration be had before the arbitrator and at the place designated in said contract, namely, before the U. S. S. R. Chamber of Commerce Foreign Trade Arbitration Commission in Moscow, U. S. S. R., subject to the conditions stated in said order?"

Camden bases its appeal from the order of the Appellate Division upon three grounds: (1) that Amtorg had, by its conduct, waived arbitration; (2) that the commission is disqualified from acting as arbitrator as a matter of law; (3) that Camden is not chargeable with notice as of 1947 that the commission was so disqualified.

The question of waiver was a question of fact, necessarily passed on and properly disposed of below. We also agree with the Appellate Division's disposition of the remaining issues. Camden chose to do business with Amtorg and to accept, as one of the conditions imposed, arbitration in Russia; it may not now ask the courts to relieve it of the contractual obligation it assumed.

It may be noted that the order of the Appellate Division does not preclude Camden from taking appropriate action should the arbitration in fact deprive it of its fundamental right to a fair and impartial determination. If, as conceded by Amtorg, the

arbitration is to be conducted pursuant to the provisions of article 84 of the Civil Practice Act and enforced thereunder, Camden may move to vacate an award in favor of Amtorg for evident partiality of the arbitrators (Civ. Prac. Act, § 1462) or may object to confirmation of such award on that ground (Civ. Prac. Act, §§ 1458, 1461). If such award were to be enforced by action, it would be a valid defense that the proceedings were not conducted in such manner as to result in a fair and impartial determination (*Gilbert* v. *Burnstine,* 255 N. Y. 348, 357–358).

Accordingly, the order appealed from should be affirmed, with costs, and the questions certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed, etc.