JOSEPH F. MITTELMAN CORPORATION, Plaintiff, *v.* MURRAY L. SPIES CORPORATION et al., Defendants.

In the Matter of the Arbitration between MURRAY L. SPIES CORPORATION, Petitioner, and JOSEPH F. MITTELMAN CORPORATION, Respondent.

Supreme Court, Special Term, Queens County, March 8, 1954.

SPECIAL PROCEEDING to compel arbitration.

*Silas W. Sollfrey* for plaintiff.

*Mordecai Konowitz* for defendants.

COLDEN, J. In an action to compel the defendants to account for all moneys, transactions, assets, income, profits, receipts and disbursements of a joint venture, and for related relief including the appointment of a temporary receiver and an injunction restraining the defendants from continuing the management and control of the joint venture, or the use of the name " Mittelman-Spies Organizations," plaintiff moved for an order restraining the defendants from continuing to conduct any

matter or thing connected with the joint venture and the employment agreements between and among the plaintiff and the defendants, to direct the defendants to pay $5,000 loaned by plaintiff to the joint venture, and to appoint a receiver *pendente lite* of the remaining assets thereof.

The defendants cross-moved for an order directing that the disputes which had arisen between the plaintiff and the defendants be submitted to arbitration, as provided in certain contracts, and to stay all proceedings in this action until such arbitration has been concluded. In a separate proceeding the corporate defendant in the action above referred to petitioned the court to direct all disputes that have arisen between it and the plaintiff to be submitted to arbitration in accordance with the aforesaid contracts. By a cross motion the respondent, plaintiff in the plenary action, moved to stay arbitration and to vacate the notice of intention to arbitrate dated February 8, 1954, which petitioner had served upon it.

On April 1, 1953, the plaintiff and the corporate defendant entered into an agreement in writing providing for a joint venture in connection with their respective businesses of placing mortgages for builders, brokers and owners of real property, and processing certain contracts or commitments with lending institutions. Paragraph " Tenth " of said agreement provided as follows: " TENTH: (a) If any disagreement shall arise between the parties as to the conduct of the joint venture or as to any other matter, cause or thing whatsoever not herein otherwise provided for, the same shall be decided and determined by arbitrators; and each party shall appoint one such arbitrator, and both of such arbitrators shall appoint a third arbitrator, and the decision of two of such arbitrators, when made in writing, shall be conclusive upon the parties hereto.

(b) That the appointment of the arbitrators by the respective parties hereto shall be made, as follows: The party seeking arbitration hereunder shall serve a notice in writing upon the other party hereto, setting forth the disagreement or disagreements that he desires to be arbitrated, as well as the name of his arbitrator; and, thereupon, the other party hereto shall, within five (5) days after the receipt of such notice, serve upon the party seeking arbitration a notice in writing stating the name of his arbitrator. (c) The failure of a party to appoint an arbitrator shall authorize the other party to make an appointment for the one so in default. (d) If the two arbitrators appointed hereunder shall fail, within five (5) days after the second of the

arbitrators shall have been appointed, to select a third arbitrator, then, and in such event, any judge of the Supreme Court of the State of New York, County of Queens, upon application made by either party hereto for that purpose, shall be authorized and empowered to appoint such third arbitrator. (e) The award to be made by the arbitrators hereunder shall be made within five (5) days after the third arbitrator shall have been appointed and judgment upon the award rendered may be entered in the highest Court of the forum, State or Federal, having jurisdiction."

On the same day they entered into a supplemental written agreement whereby the individual defendant, Murray L. Spies, was employed as manager and agent of such joint venture. Paragraph " Tenth " of this agreement likewise provided for arbitration in terms substantially identical to those set forth in the agreement of joint venture.

The plaintiff in the plenary action, who is the respondent in the proceeding to compel arbitration, urges that the provisional remedies and the other relief sought in its motion made in the plenary suit are necessary for the protection of the assets of the joint venture and should, therefore, be granted, and that the parties should not be relegated to arbitration inasmuch as the arbitration clause is invalid and unconstitutional and the controversies between the parties are not arbitrable.

The claim of invalidity is directed to subdivisions (c) and (e) of paragraph TENTH of the contracts in question. The first of these subdivisions authorizes the party seeking arbitration to appoint the arbitrator for the other party, if it defaults in itself making such appointment, within five days after the receipt of the written notice provided in subdivision (b). It is urged that such a provision, authorizing as it does the designation of an adverse party's arbitrator, is repugnant to due process of law, especially since the two arbitrators to be selected by the parties have the power, as provided in subdivision (d), to select a third arbitrator. It is also urged in that connection that section 1452 of the Civil Practice Act entitled *" Provision in case of failure to name arbitrator or umpire "* is exclusive.

In the first place parties " may stipulate away statutory, and even constitutional rights " (*Matter of New York, L. & W. R. R. Co.,* 98 N. Y. 447, 453, cited with approval in *Pines* v. *Beck,* 300 N. Y. 181). Secondly, section 1452 itself provides " If, in the contract for arbitration   *   *   *   provision be made for a method of naming or appointing an arbitrator or arbitrators

or an umpire, such method shall be followed ". Commenting upon this section, the Court of Appeals recently observed: " From the plain wording of that section it will be seen that if the parties have provided for a method of naming or appointing an arbitrator the Supreme Court shall follow such method and is empowered to designate an arbitrator only if ' any party thereto shall fail to avail himself of such method, or for any reason there shall be a lapse in the naming of an arbitrator or arbitrators.' " (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58, 62-63.) The court also said at pages 61-62 that the purpose of article 84 of the Civil Practice Act " is to give effect to contracts providing for the settlement of disputes before tribunals of the parties' own choosing by rendering such agreements irrevocable and, in effect, subject to specific enforcement. The provisions of article 84 are intended to *strengthen — not change — the rights and obligations of parties to arbitration agreements*. The law ' does not bring the contract into being, but adds a new implement, the remedy of specific performance, for its more effectual enforcement.' (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284, 293.) *The spirit of the arbitration law being the fuller effectuation of contractual rights, the method for selecting arbitrators and the composition of the arbitral tribunal have been left to the contract of the parties.*" (Italics supplied.)

After all, the parties to these contracts have themselves chosen the method for selecting the arbitrators and imposed the conditions for their selection. Neither may " now ask the courts to relieve it of the contractual obligation it assumed " (*Matter of Amtorg Trading Corp.* [*Camden Fibre Mills*], 304 N. Y. 519, 521). In the case last cited a sales contract was made with a grading agency of the Soviet Government which provided for arbitration before the U. S. S. R. Chamber of Commerce Foreign Trade Arbitration Commission in Moscow, U. S. S. R. In proceedings to stay arbitration as well as to stay an action between the parties until the arbitration be had, it was urged by Camden Fibre Mills, Inc. that the commission was disqualified from acting as arbitrator as matter of law. The Appellate Division held otherwise (277 App. Div. 531) and the Court of Appeals affirmed noting at pages 521-522 that Camden was not precluded " from taking appropriate action should the arbitration in fact deprive it of its fundamental right to a fair and impartial determination. * * * Camden may move to vacate an award in favor of Amtorg for evident partiality of the

arbitrators (Civ. Prac. Act, § 1462) or may object to confirmation of such award on that ground (Civ. Prac. Act, §§ 1458, 1461). If such award were to be enforced by action, it would be a valid defense that the proceedings were not conducted in such manner as to result in a fair and impartial determination (*Gilbert* v. *Burnstine,* 255 N. Y. 348, 357-358).''

Moreover, as was stated by the Court of Appeals in *Matter of Lipschutz* [*Gutwirth*] (*supra,* pp. 64-65): '' The view that an arbitrator chosen by a party is merely that party's agent and will act in a partial manner, as suggested by respondent, may not be accepted. Under section 1455 of the Civil Practice Act arbitrators swear ' faithfully and fairly to hear and examine the matters in controversy and to make a just award according to the best of their understanding * * *.' If that oath be violated and an award procured by fraud or corruption or if an award be tainted by partiality or interest of an arbitrator, it will be vacated.''

In the last analysis, the party here sought to be compelled to submit to arbitration can readily avoid the appointment of its arbitrator by petitioner simply by itself appointing him, as it has the right to do under subdivision (b) of paragraph '' TENTH '' of its contract.

Subdivision (e) is claimed to be invalid because '' unworkable '' since it provides that '' The award to be made by the arbitrators hereunder shall be made within five (5) days after the third arbitrator shall have been appointed.'' Thus, the parties themselves have chosen by their agreement to limit the time within which the award may be made (Civ. Prac. Act, § 1460). This is consistent with one of the principal purposes of arbitration which is to reach a speedy final result and to avoid protracted litigation. (*Matter of Bond* [*Shubert*], 264 App. Div. 484, affd. 290 N. Y. 901.) Having agreed upon this short period of time in which the award may be made, that provision is '' ' instinct with an obligation ', imperfectly expressed '' on the part of *both parties* to co-operate in making that possible. (*Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91; 25 Cornell L. Quart., 615, cited with approval in *Price* v. *Spielman Motor Sales Co.,* 261 App. Div. 626, 628.) It cannot be said as matter of law that such provision is unworkable and there is no need for the present purpose of this case to reach a final conclusion in the event the award cannot be made within the time provided by the contract, either because it proves impossible to do so or the delay is caused through the fault of the

parties or either of them. Undoubtedly, this court " in arbitration matters does act as a court of equity — it applies equitable principles and enjoys a certain latitude of discretion." To what extent that discretion may be exercised to prevent an injustice should the award not be made within the time provided in the contract must be left to the future. (See *Matter of Lipschutz, supra,* p. 63, and *Matter of Amtorg Trading Corp., supra.*)

As for the claim that no arbitrable controversies exist between the parties, the voluminous record before the court leads to a contrary conclusion. There are disputes which affect both the management of the joint venture and the distribution of its assets upon the termination thereof. Subdivision (a) provides: " If any disagreement shall arise between the parties as to the conduct of the joint venture or as to any other matter, cause or thing whatsoever not herein otherwise provided for, the same shall be decided and determined by arbitrators." In addition, paragraph " TWELFTH " of the contract for the joint venture expressly provides that if upon the termination thereof " there shall be any disagreement between the parties as to the method of * * * distribution, the same shall be referred to arbitration in the same manner as provided in article ' TENTH ' hereof." The foregoing language makes it clear that the parties intended all controversies or disagreements " as to the conduct of the joint venture or as to any matter, cause or thing whatsoever not herein otherwise provided for " and the method of the distribution of the assets of the joint venture in the event of its termination should be settled by arbitration. " Parties to a contract may agree, if they will, that any and all controversies growing out of it in any way shall be submitted to arbitration. If they do, the courts of New York will give effect to their intention." (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.,* 252 N. Y. 284, 298.)

The petition verified February 8, 1954, to compel arbitration of the disputes which have arisen between the parties prays, *inter alia,* for an order " Directing that an arbitration proceed in the manner provided for in the co-venture and employment agreements between the parties dated April 1, 1953, herein set forth, of the matters in controversy, and that the plaintiff shall appoint an arbitrator within five (5) days of the service of a copy of said order with notice of entry thereof; that if plaintiff should fail to appoint an arbitrator within said fixed time, the defendants shall appoint an arbitrator in behalf of the plaintiff

as provided in the said agreements dated April 1, 1953 within five (5) days thereafter; and that the two arbitrators appointed shall appoint a third arbitrator within five (5) days after the appointment of the respondent's arbitrator, and that if such third arbitrator be not so appointed, the person to be named by this Court in said order, shall be the third arbitrator.''

It is clear from the foregoing that the special proceeding to compel .arbitration was intended to supersede petitioner's notice of intention to arbitrate, dated February 8, 1954, and it is so deemed as otherwise the respondent would be deprived of its opportunity to designate its own arbitrator, the time to do so under the notice having expired. This court in the exercise of its equitable discretion may tailor its relief to the necessities of the situation. (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58, 63, *supra*.)

Accordingly, the motion of the plaintiff in the plenary action is in all respects denied and its cross motion in the special proceeding to stay arbitration, pursuant to petitioner's notice of February 8, 1954, granted, and said notice is deemed abandoned. The application to compel arbitration is granted as prayed for in the petition as is also the cross motion made in the plenary action to stay all proceedings therein until arbitration is had.

Submit orders on two days' notice.