In the Matter of the Arbitration between EDMUND C. GRAINGER, Appellant, and SHEA ENTERPRISES, INC., et al., Respondents.

First Department, January 22, 1957.

*Thomas K. O'Brien* of counsel (*Arthur E. Sullivan* with him on the brief; *Dillon & O'Brien,* attorneys), for appellant.

*Lawrence R. Condon* for respondents.

*Per Curiam.* Petitioner entered into a contract of employment in 1936, which contract was eventually assumed by the respondents corporations. The contract provided for compensation to the petitioner to be based on a share of net profits and contained an arbitration clause which read as follows: "If any dispute of any kind or character arises between the parties as to any matter contained in this agreement, then such dispute shall be referred to arbitration, one arbitrator to be selected by you and one arbitrator to be selected by me, and if the two arbitrators do not agree then a third or umpire shall be appointed by the two."

In December, 1951, there arose a dispute concerning the amount of net profits, and petitioner served a demand for arbitration on respondents, together with the name of the person selected by him as his arbitrator. Thereupon, respondents and their shareholders commenced a series of proceedings contesting the validity of the basic employment contract, and obtained stays of the arbitration pending the determination of these proceedings. In 1956, the Court of Appeals, in *Matter of Shea* (309 N. Y. 605) and *Matter of Grainger* (309 N. Y. 605), upheld the validity of the contract and finally affirmed petitioner's right to arbitration.

At the end of this delay of almost four and one-half years, the person, originally selected by petitioner as his arbitrator, was unable to serve because of the exigencies of his own employment. Respondents thereafter selected their arbitrator. Petitioner then selected another arbitrator as his designee in place of the one unable to serve. Respondents thereupon made the instant motion to vacate petitioner's second designation and for the court to fill the vacancy. Special Term, in granting the motion, selected a stranger as arbitrator for petitioner in spite of petitioner's request that the court designate the person selected by him in 1956 to fill the vacancy.

It appears that respondents' unsuccessful effort to forestall this arbitration was the effective cause of the inability to serve of the person selected, years before, by petitioner. Neither the person selected by petitioner in 1951, nor either of the persons selected by the parties in 1956 took an oath as arbitrator, pursuant to section 1455 of the Civil Practice Act, nor did they, or the parties, do any other act advancing the arbitration of this dispute. In this context, and under the arbitration clause in this contract, petitioner's right to select an arbitrator of his own choosing was not exhausted, merely because the person originally selected by him was unable to serve as a result of respondents' acts. (Cf. *Matter of Lipschutz [Gutwirth]*, 304 N. Y. 58.) There had been no neglect or failure by petitioner to exercise his right to appoint an arbitrator, or any lack of co-operation on his part in the arbitration, which could be characterized as a lapse in the naming of an arbitrator.

While it is not necessary to reach that question, even if petitioner's power to select an arbitrator under the contract had been exhausted, and a technical lapse arose within the meaning of section 1452 of the Civil Practice Act, the circumstances of this case would suggest the court's filling of the vacancy by designating as arbitrator one of petitioner's choosing.

The order appealed from should be reversed on the law, and respondents' motion denied, with costs to appellant. Settle order.

PECK, P. J., BREITEL, BOTEIN, VALENTE and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. Settle order on notice.