Appeal from an order denying appellant’s petition to stay arbitration, and for other relief. Order modified on the law so as to provide that arbitration proceed before the appointee of a “Judge of the County Court of Queens County” as sole arbitrator. As so modified, order affirmed, with $10 costs and disbursements to appellant. The findings of fact are affirmed. The contract between the parties provided in part that arbitration should be had before three arbitrators consisting of the parties, or their successors, and an umpire to be appointed by “the Judge of the County Court of Queens County”. A party to a contract is ineligible to act as an arbitrator to decide disputes under it (Matter of Cross & Brown Co. [Nelson], 4 A D 2d 501; Matter of Miller [Wiener], 260 App. Div. 444). Since the parties would in fact be expected to act as litigants rather than as arbitrators, it must have been contemplated that the determination would actually be made by the umpire alone. In the circumstances, the provision that the parties serve as arbitrators may be excised and arbitration may proceed before a single arbitrator of “ Any dispute, of law or fact, concerning the interpretation of the terms of this agreement”, as provided in the contract (Civ. Prac. Act, § 1452; Matter of Lipschutz [Gutwirth], 304 N. Y. 58; Matter of Wrap-Vertiser Corp. [Plotnick], 2 A D 2d 346, 349; Matter of Miller [Wiener], supra). Murphy, Ughetta and Hallinan, JJ., concur; Wenzel, Acting P. J., and Kleinfeld, J., dissent and vote to modify the order so as to provide for the appointment of substitutes for the two arbitrators designated in the contract, and who, it has been determined, are disqualified. The agreement between the parties provided for three arbitrators. Two having been determined to be disqualified, others should be appointed in their places. (Matter of Lipschutz [Gutwirth], 304 N. Y. 58.)