Howard T. Hogan, J.
This is an application to have the court declare that an arbitrator appointed in an agreement between the parties is disqualified from acting as such, to declare the *964 office vacant and to designate another arbitrator, as well as for some other incidental relief.
The parties formerly conducted a partnership for the practice of law under the name Glatzer, Glatzer & Diamond. The Glatzers are respondents in this proceeding while Diamond is the petitioner. Also joined as a respondent is William S. Evans, a retired Judge of the City Court of New York City, who was associated with the law firm as honorary counsel and who was selected by both sides to act as arbitrator in the event any dispute should arise under an agreement dated November 20, 1957 which dissolved the partnership as of November 1, 1957. A dispute has arisen with respect to the division of a fee in a particular case, which was collected by Diamond after the dissolution of the partnership, and a notice of hearing has been served by the arbitrator covering that issue, which hearing has been stayed pending the outcome of this motion.
It appears that Martin Evans, who is the son of William S. Evans, was an employee of the former law partnership and that he joined the firm as a partner upon the withdrawal of the petitioner. This essentially is the reason assigned by Diamond why the court should supersede the senior Evans, on the theory that because of this relationship he may not be able to maintain the detached and impartial attitude essential and desirable in a person who is to decide a controversy.
Petitioner relies upon Western Union Tel. Co. v. Selly (295 N. Y. 395, which affd. 270 App. Div. 839 and the Special Term opinion reported in 60 N. Y. S. 2d 411) for the proposition that the court has the inherent power to substitute its own choice of arbitrator for the one chosen by the parties themselves, where the court feels that although the honesty, ability and integrity of the arbitrator is beyond question, nevertheless, where he has shown in public addresses and writings a bias or philosophy favoring one side or the other, the court in its sound discretion may remove him. The Special Term opinion discloses, however, that the original appointment in that case was made by the court pursuant to the agreement of the parties, and, therefore, it does not reach the issue in this case.
More in point is the case of Matter of Lipschuts (Gutwirth) (304 N. Y. 58) where the court was very careful to scrupulously honor the selection of parties. That case involved a tripartite agreement in which “ A ” reserved the right to name one arbitrator, “ B ” and “ G ” had the right jointly to nominate a second and these two were to pick a third. When time came for them to act “ B ” and “ 0 ” could not agree and Special Term made a selection for them pursuant to section 1452 of the Civil *965 Practice Act. The Appellate Division modified the decision of Special Term by appointing a single arbitrator (278 App. Div. 132). In reversing the Appellate Division and reinstating the order of Special Term, the Court of Appeals held that the contractual rights of “ A ” were inviolate and could not be nullified and disregarded even by the court, stating (p. 62): “It is apparent from a reading of section 1452 that it is but part of the overall plan of article 84 of the Civil Practice Act to honor the contractual rights and obligations of the parties.”
A word should be said concerning the case of Matter of Knickerbocker Textile Corp. v. Sheila-Lynn, Inc. (172 Misc. 1015, affd. 259 App. Div. 992). In that case an award made by three arbitrators, who had been selected by the usual formula under an agreement between the parties, was vacated pursuant to section 1462 of the Civil Practice Act, which provides, among other things, in subdivision 2 that the award must be vacated “ [w]here there was evident partiality or corruption in the arbitrators or either of them.” In that case there was a clear showing of venality on the part of the third arbitrator who had been selected by the other two.
While this case is distinguishable on the purely formal ground that there has been no award made here so as to bring it within section 1462 of the Civil Practice Act, I am not prepared to say that were a showing of actual corruption to be made prior to an award the court would be powerless to act until after an award had been made. Suffice it to say that there has been no such proof here, nor is there much more than a showing that the senior Evans is on friendly terms with all of the parties, which is not surprising when we consider that they all selected him as sole arbitrator of their own free will.
The power of the court is fixed by statute. No authority is found for the relief sought herein. The proper procedure is to move following the award (Matter of Franks [Benn-Uranium Corp.], 4 A D 2d 39).
Motion denied.