Mario Pittoni, J.
Motion to vacate an award of two arbitrators on the grounds: that those arbitrators were guilty of misconduct in demanding their fees prior to the announcement of the award; that they exceeded their powers in that their award was beyond the scope of the submission, and that they based their award upon their partiality and bias in favor of the petitioner.
Originally this motion was returnable at Queens County, Special Term, on July 28, 1958, but on a cross motion to consolidate decided by this court on July 16, 1958, the motion to vacate was consolidated with the petitioner’s motion to confirm the award returnable on July 16, 1958, and both motions were heard before me on July 16, 1958 at Nassau County Special Term.
The arbitrators were no1 guilty of misconduct, even if it be assumed that payment of their fees were demanded before the award was announced, for the parties had theretofore stipulated for a determination of those fees. Secondly, as to the award being in excess of their powers, this court has found on the motion to confirm the award decided herewith, and reiterates herein, that the determination of the two arbitrators was within the scope of the matters submitted to them. As to the question of partiality, the court finds no basis for a finding that the award was based on such ground. The fact that one of the two arbitrators concurring in the award is a friend of the petitioner does not show such partiality as to justify a vacatur of the award. Naturally, when the agreement gave each party the right to appoint an arbitrator, each party would appoint someone in whom he had confidence. ‘ ‘ The view that an arbitrator chosen by a party is merely that party’s agent and will act in a partial manner, as suggested by the respondent, may not be accepted. Under section 1455 of the Civil Practice Act arbitrators swear ‘ faithfully and fairly to hear and examine the matters in controversy and to make a just award according to the best of their understanding * * *.’ ” (Matter of Lipschutz [Gutwirth], 304 N. Y. 58, 64.)
Motion to vacate the award of the arbitrators is denied.