Edgar J. Nathan, Jr., J.
This is a motion to confirm an award of arbitration. Respondents herein also move as petitioners under a separate motion to vacate the award pursuant to section 1462 of the Civil Practice Act, charging undue influence and that the arbitrator was disqualified to act, and also requesting the appointment of an impartial arbitrator.
The firm of Glatzer, Glatzer & Diamond dissolved their law partnership pursuant to an agreement which provided for the determination of the respondent Diamond’s share of the dissolved firm’s fees. The agreement dated November 20, 1957, provided for arbitration and named former Judge William S. Evans, who was then of counsel to the firm, as the arbitrator. Upon dissolution of the firm, Judge Evans remained of counsel to the new firm of Glatzer, Glatzer & Evans, without compensation as before. His son, an employee of the former law partnership, succeeded to partnership status in the new firm in the place of the retiring partner. The disputes submitted to arbitration involved in part, the apportionment of respondent’s share of fees earned on business of the arbitrator’s son as an employee of the former firm, including of course apportionment of the fees earned prior to and after the dissolution date.
Upon the demand for arbitration, respondent herein moved in the Supreme Court, Nassau County, to disqualify the arbitrator on the ground that it was evident he could not act impartially under the circumstances (Matter of Diamond v. Glatzer, 17 Misc 2d 963). The court, Hogan, J., denied the motion as premature in that the proper procedure was to move follow *79 ing the award. In so holding the court stated (p. 965): “ I am not prepared to say that were a showing of actual corruption to be made prior to an award the court would be powerless to act until after an award had been made. Suffice it to say that there has been no such proof here, nor is there much more than a showing that the senior Evans is on friendly terms with all of the parties, which is not surprising when we consider that they all selected him as sole arbitrator of their own free will.”
The arbitration has now been had, and the award made. Respondent claims the arbitrator was disqualified as a matter of law from acting in view of his relationship with one who had a financial interest in the outcome of the award. He ■ relies upon the decision of Oakley v. Aspinvall (3 N. Y. 547), wherein the court held the relationship or consanguinity of a judge to a party conclusively disqualifies him to act despite the fact that the parties consented to his hearing the matter. That decision was based in large part upon the statute, now section 14 of the Judiciary Law. While arbitrators serve a quasi-judical function, they do so only by the consent of the parties. Their jurisdiction to act, unlike that, of a court, is conferred solely by the contract or submission appointing them and the statutory scheme of arbitration requires the court to protect these contractual rights (Matter of Lipschutz [Gutwirth], 304 N. Y. 58). It is clear that respondent named the arbitrator herein, with full knowledge of all the circumstances — his association with the firm of Glatzer, Glatzer & Diamond, the fact that his son, Martin Evans, was employed by that firm, and that he was to become a partner in the new firm of Glatzer, Glatzer & Evans. He cannot now be heard to claim disqualification on these grounds, all of which were well known to him before he agreed to the appointment of the arbitrator (see Matter of Amtorg Trading Corp. [Camden Fibre Mills], 277 App. Div. 531, affd. 304 N. Y. 519). The language of the Per Curiam opinion of the Appellate Division in that case (pp. 532-533) is pertinent: ‘ ‘ The difficulty with this contention is that, unlike judges under section 14 of the Judiciary Law, arbitrators are not disqualified on account of being interested in the result, if that circumstance has been disclosed to the adversary. Although ‘ the court closely scrutinize the action of an arbitrator whose relation to one of the parties was such as to naturally influence the judgment even of an honest man ’, such relationship does not necessarily preclude the arbitrator from acting (Sweet v. Morrison, 116 N. Y. 19, 27).”
Respondent insists that the arbitrator’s son became a partner in the new firm subsequent to the designation of the arbitrator *80 on November 20, 1957. But the record discloses that he knew this was to happen prior to the designation of the arbitrator, yet nevertheless agreed to the father as arbitrator.
Except for the filial relationship, the court finds nothing whatsoever to suggest evident partiality, undue means or misconduct of any kind on the part of the arbitrator. No one even intimates there was any fraud or corruption. While it might have been wiser for the arbitrator to disqualify himself in the first instance, it is clear that he assumed the unpleasant task out of a sense of duty, and yielded to the persuasion of his friends and associates. His 33-page award indicates that the matter was fully, fairly and laboriously considered, and judiciously decided. Under these circumstances, the motion to confirm the award is granted and respondent’s motion to vacate the award is denied.