In the Matter of the Arbitration between SYMPHONY FABRICS CORP., Appellant, and BERNSON SILK MILLS, INC., Respondent.
In the Matter of the Arbitration between SYMPHONY FABRICS CORP., Appellant, and BARBARA DANCE FROCKS, Respondent.

First Department, June 12, 1962.

*David Sklaire* of counsel (*Ostrow, Goldman & Sklaire,* attorneys), for appellant.

*J. J. L. Hessen* of counsel (*Melvin Beinart* with him on the brief; *Hahn, Hessen, Margolis & Ryan,* attorneys), for Bernson Silk Mills, Inc., respondent.

*Seymour J. Ugelow* of counsel (*Conrad & Smith,* attorneys), for Barbara Dance Frocks, respondent.

*Per Curiam.* The moving party, Symphony Fabrics Corp., is a converter of textiles. It purchased certain taffeta from Bernson Silk Mills. It later sold a substantial portion of these goods to

Barbara Dance Frocks. The latter expressed dissatisfaction with the goods and initiated arbitration proceedings in accordance with its contract of purchase. Thereupon Symphony refused to pay Bernson and the latter also started arbitration proceedings, in accord with its contract. Symphony moved to consolidate both proceedings. Barbara Frocks joined in the request but Bernson objected. The appeal here is from the denial of the application.

It cannot be disputed that arbitration is a special proceeding and hence arbitration proceedings may be consolidated (Civ. Prac. Act, § 96; *Matter of Adam Cons. Ind. [Miller Bros. Hat Co.]* 6 A D 2d 515). Consolidation must be denied if a substantial right of any party is prejudiced; otherwise, whether to grant the relief depends on an exercise of discretion.

We believe that a fair and equitable result would be more likely to be reached if both of these proceedings were tried together. In addition, there would undoubtedly be an earlier resolution of all controversies at a lesser expense than if the proceedings were separate. The controversies arise out of a very common commercial situation and the respective claims should present no difficulties to the arbitrators by virtue of the fact that they were being heard together.

We recognize that where jurisdiction is conferred by contract any party has the right to have his controversy tried by the forum he has contracted for, and he cannot be compelled to litigate before any other (*Matter of Stewart Tenants Corp. [Diesel Constr. Co.]*, 16 A D 2d 895). In this matter both contracts call for arbitration before the American Arbitration Association. The rules of this association provide that the association submit a panel of proposed arbitrators to each party and that each party has certain privileges in regard to striking names and indicating preferences. The association then appoints the arbitrators in the light of the actions taken in regard to the panel by the parties. It is conceivable that, as a consequence of consolidation, the review of the panel by three parties instead of two would result in the appointment of different individuals as arbitrators. Similarity of interest (even though the interest is not identical) among any two of the parties might have the effect of giving one interest two opportunities to edit the list as against the other interest's single opportunity. Circumstances would in each instance dictate whether a substantial right was being prejudiced or whether suitable provisions could be made to avoid prejudice — or whether such provisions were called for.

Here we believe that any possible prejudice to Bernson, the party objecting to the consolidation, can be obviated by restricting the challenges of the other two parties. It appears that in the arbitration proceeding initiated by Bernson, both Bernson and Symphony have made their designations from the panel of proposed arbitrators submitted by the American Arbitration Association. If respondent Barbara Dance Frocks joins in the designations made by petitioner, such a restriction will be accomplished. If Barbara Dance Frocks so stipulates, the order will be reversed and the motion to consolidate the proceedings granted, with costs. Failing the filing of such a stipulation within 10 days of the date of the filing of this decision, the order will be affirmed, without costs.

EAGER, J. (dissenting). I would affirm. As stated at Special Term, the " consolidation of these proceedings would force the respondent Bernson Silk Mills, Inc., to arbitrate in a manner to which it did not agree and with a party to which it has no contractual relationship." The directing of a joint trial or a joint hearing of the two proceedings before the same arbitrator would have a like effect.

Basically, an arbitration proceeding must be conducted in accordance with the contract of the parties. While the court enjoys a certain latitude of discretion in arbitration matters, it is not within its power to materially alter or enlarge upon the contractual rights and obligations of parties. The court may not substantially alter the framework within which the parties have agreed that their disputes be settled. (See *Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58; *Matter of Brookfield Clothes*, 4 A D 2d 458, 461. Also *Matter of Astoria Med. Group* [*Health Ins. Plan*], 11 N Y 2d 129; *Matter of Stewart Tenants Corp.* [*Diesel Constr. Co.*], 16 A D 2d 895.)

Always we are to bear in mind that arbitration is a remedy designed to furnish a prompt and inexpensive method of disposing of disputes, particularly in commercial matters. So, in agreeing upon arbitration, the parties have a right to assume that they may contract without fear of the complication of the proceedings by court-imposed variances to the usual procedures. To circumscribe and hamstring the remedy of arbitration with specialized practices which are formulated for court proceedings tends to frustrate the design of an arbitration proceeding and to thwart the basic intentions of the parties.

Here, except as otherwise specifically provided in their separate contracts, the parties have agreed that the respective arbitrations shall be conducted in accordance with the Rules of

the American Arbitration Association. Thus, they are bound by such rules and may not be compelled to proceed in a manner materially at variance therewith. (See *Matter of Oltarsh* v. *Classic Dresses*, 255 App. Div. 532, 534.) Such rules do not provide for or authorize a consolidation or joint trial before the same arbitrator of independent proceedings.

Under the circumstances, the consolidation proposed here will tend to vary, complicate and delay the simple arbitration which was contracted for by respondent in accordance with the American Arbitration Association Rules. A list of proposed arbitrators has already been approved by the respondent and the appellant and submitted to the American Arbitration Association for selection of the arbitrator or arbitrators to pass upon the respondent's claim. Respondent must now, in view of the consolidation, be given the opportunity to revise such list. This itself is at variance with the contract procedure, but even if we assume that the respondent may not complain of such variance in the procedure because it may be favorable to it, nevertheless, the respondent's selection of the arbitrator does not lay the foundation for the direction of a consolidation. Here, the plain intendment of the American Arbitration Association Rules and the respondent's contract was that its disputes with the appellant were to be submitted to an arbitrator who was to be limited to a hearing and determination of such disputes. The agreement of respondent is materially enlarged upon by compelling it to proceed before an arbitrator, no matter how he is to be selected, where the arbitrator is to be concerned with independent claims of a third party not in privity with respondent, and where he may be influenced by such claims and the evidence presented in connection therewith.

Also, here, as is generally the case, the consolidation or joint trial of the independent proceedings may very well have a tendency to defeat rather than to promote justice. The informal manner in which the arbitration proceedings are conducted and determined does not afford a party the opportunity, by record or otherwise, to protect himself against confusion or unfairness which may result from the concurrent hearing and consideration by the arbitrator of claims and evidence not relevant to his particular dispute. Furthermore, the joinder for arbitration purposes of the independent disputes here, may very well result in the respondent being compelled, in order to protect its interests, to assume an additional burden of meeting the proofs of and litigating issues with the third party with whom it has no contract or dispute.

Of course, in a given case, a consolidation or joint trial of independent arbitration proceedings may be consented to or contracted for. But a careful research has failed to turn up any authoritative decision here, in a Federal court or in a foreign State where the court, against the objections of a party, has directed a consolidated or joint hearing before the same arbitrator of independent arbitration proceedings not involving the same parties. The decision of this court in *Matter of Adam Cons. Ind. (Miller Bros. Hat Co.)* (6 A D 2d 515) is clearly distinguishable on the facts and the dicta in the opinions there should not, in my opinion, be applied to authorize consolidation of independent arbitration proceedings between different parties.

In view of the foregoing and believing as I do that the determination of the court here may serve as a precedent for improper interference with the arbitration process, I am constrained to dissent.

BOTEIN, P. J., STEVENS, STEUER and BERGAN, JJ., concur in *Per Curiam* opinion; EAGER, J., dissents and votes to affirm in opinion.

Order, entered on February 23, 1962, reversed, on the law, the facts and in the exercise of discretion, with $20 costs and disbursements to appellant on condition that respondent Barbara Dance Frocks within 10 days after entry of the order hereon stipulates to join in the panel designations made by the petitioner. If respondent Barbara Dance Frocks fails to so stipulate the order denying consolidation is affirmed, without costs. Settle order on notice.