In the Matter of the Arbitration between SOCIEDAD MARITIMA SAN NICOLAS, S. A., Appellant, and PANGALANTE COMPANIA NAVIERA, S. A., et al., Respondents.

First Department, April 2, 1964.

*John G. Poles* of counsel (*Poles, Tublin & Patestides*, attorneys), for appellant.

*Tallman Bissell* of counsel (*Haight, Gardner, Poor & Havens*, attorneys), for respondents.

*Per Curiam.* The question is whether a shipowner and a time charterer may empower a partner of a law firm then known to represent the shipowner to act as sole arbitrator of disputes between them. Special Term denied the motion of petitioner-appellant time charterer to vacate the arbitrator's award, and entered judgment for respondents.

Since the time charterer knew of the conflict of interest when it participated in designating the arbitrator, the judgment appealed from should be affirmed.

A charter party between petitioner-appellant time charterer and respondent shipowner terminated in May, 1962. Disputes arose involving over 100 items. These resulted in an ultimate arbitration award of a balance of $15,148.45, plus interest, and an allowance to the arbitrator of $6,500. The law firm, representing both the respondent shipowner and the respondent arbitrator on this appeal, had been retained by the shipowner to assert the claims against the time charterer arising out of the expired charter party. With full knowledge that the proposed arbitrator was a partner in the law firm representing its adversary, the time charterer executed an agreement in June, 1962 appointing him as the sole arbitrator of the existing disputes. Indeed, the time charterer even rejected a suggestion that the parties determine in advance how the fees of the arbitrator would be paid. Instead, at its request, the agreement provided that the arbitrator would decide the amount of his own fees and how they should be borne by the parties. The partner, designated as arbitrator, has specialized in maritime disputes for over 50 years.

After submission of facts by the parties, denial of a motion by the time charterer to vacate a tentative decision, and various hearings, a final award was filed by the arbitrator on May 24, 1963. The time charterer contends that the hearings were sham, the arbitrator partial, and that he was disqualified by conflict of interest. This belated reaction is supported by no significant evidence in the record, apart from the bare fact of conflict of interest itself, to establish separately the contentions of shamness and partiality. Therefore, to vitiate the award the time charterer is relegated to that conflict with its alleged inherent bias. But that is not enough. Since the time charterer knew of the conflict of interest when it participated in desig-

nating the arbitrator, it may not now, belatedly and because of evident disappointment, upset the award on that ground (*Matter of Astoria Med. Group* [*Health Ins. Plan*], 11 N Y 2d 128, 133; *Matter of Amtorg Trading Corp.* [*Camden Fibre Mills*], 304 N. Y. 519; *Matter of Glatzer* [*Diamond*], 19 Misc 2d 77, affd. 9 A D 2d 675).

Of course, this court is concerned with the appropriateness of the conduct of members of the Bar. It, therefore, should not pass by this circumstance without comment. The lawyer chosen as arbitrator should have been more sensitive to the fact that being an arbitrator in a matter in which his firm represented one of the litigants would be regarded by many as unseemly. While there was probably no breach of ethics or propriety in any professional sense, the lack of sensitivity to the consequences of such an unlikely selection is regrettable. There are undoubtedly unusual situations where one may be quite justified in assuming such a risky quasi-judicial role, reasonably expecting to avoid any accusation of bias. But this commercial or maritime arbitration was hardly one in which such a happy outcome was to be reasonably expected. True, while there may be no violation of any enforcible standard, members of the legal profession should avoid situations which are likely to result in plausible suspicion and reflect adversely and needlessly, if even to a small degree, on the wisdom and the sensibilities of the profession. For that reason, the disposition should be without costs to any party.

Accordingly, the judgment appealed from should be affirmed, without costs.

BREITEL, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Judgment and order unanimously affirmed, without costs.