■ In the Matter of BETHLEHEM STEEL CORPORATION et al., Respondents, v JAMES A. FENNIE, as Comptroller of the City of Lackawanna, et al., Respondents, and LACKAWANNA POLICE BENEVOLENT ASSOCIATION, Appellant.—Judgment unanimously affirmed, without costs, on the opinion at Special Term, Stiller, J., and the following memorandum: We add only that in addition to the grounds found by Special Term to support petitioner's status to maintain this proceeding, section 123-b of the State Finance Law affords ample authority for such action (and see CPLR 103, subd [c]). The arbitrators were not necessarily bound by the fact finder's report (Civil Service Law, § 209, subd 4, par [c], cl [v]), and the nominees to the arbitration panel of the respective parties were not agents of such parties and were

entitled and required to use independent judgment *(Matter of Lipschutz [Gutwirth],* 304 NY 58, 64; *Matter of American Eagle Fire Ins. Co. v New Jersey Ins. Co.,* 240 NY 398, 405). However, since the facts elicited before the arbitration panel were not different from those before the fact finder, with whose report Mr. Janus, the city's nominee to the panel, had professed to agree, there was no factual basis for Janus' change of position, except for the prospect of his early return as captain in the city police department. The dissenting opinion of the public member of the panel makes clear that when Janus joined with Catuzza, the association's nominee, in making the award, the arbitration became a farce. The record supports the finding that the award was the result of fraud upon the city, and it was properly vacated. (Appeal from judgment of Erie Supreme Court—arbitration.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ. [86 Misc 2d 968.]