Bernard S. Meyer, J.
This motion seeks the designation of a substitute for an arbitrator appointed by one of the parties in a tripartite arbitration proceeding’. The arbitration agreement provides that ‘ ‘ each of such parties shall appoint one such arbitrator, and the arbitrators so chosen shall thereupon mutually agree upon and select one additional arbitrator; and the award of a majority of such arbitrators shall be binding and conclusive upon the parties hereto ”. It further provides that if the two designated arbitrators cannot agree on the third, appointment shall be made by the court. Each of the parties designated his attorney his arbitrator and when they were unable to agree on the third arbitrator, a third was, by order dated February 18, 1965, appointed by the court. After the three arbitrators qualified and had met on two separate days, respondent’s designee consented to the substitution of Timothy Smith as attorney and of Francis P. Waters, also an attorney, as arbitrator. The papers do not state the reason for the substitution. Waters has consented to act as arbitrator, and by this motion respondent asks for an order pursuant to CPLR 7504 appointing Waters as substitute arbitrator. The application is opposed on the ground that there is no authority for substitution in the midst of an arbitration.
CPLR 7506 (subd. [e]) provides: “ The hearing shall be conducted by all of the arbitrators, but a majority may determine *9 any question and render an award”. That provision is taken from the second sentence of section 1456 of the Civil Practice Act (formerly § 1453) which was construed by the Court of Appeals in Matter of Bullard v. Grace Co. (240 N. Y. 388) as mandating that when an arbitrator withdraws before all of the proofs of the parties have been heard, the vacancy be filled by appointment of a substitute arbitrator before further proceedings are had. Authority for filling the vacancy exists in the provision of CPLR 7504 that “if an arbitrator fails to act and his successor has not been appointed, the court, on application of a party, shall appoint an arbitrator.” While that section does not as did section 1452 of the Civil Practice Act use the words “filling a vacancy”, the Second Preliminary Report of the Advisory Committee on Practice and Procedure makes clear (p. 137) that: “ This section follows present section 1452.” In the light of that statement and of the Bullard case, it must be held that the words “ fails to act ” as used in CPLR 7504 include failure to continue to act, that is, withdrawal after hearings have begun.
It is, of course, true that “ the Supreme Court in acting in arbitration matters does act as a court of equity — it applies equitable principles and enjoys a certain latitude of discretion ” (Matter of Lipschutz, 304 N. Y. 58, 63), and that if it appeared that respondent had procured the withdrawal of the arbitrator in bad faith, the court could tailor the relief granted appropriately (see Matter of Lipschutz, supra, and Matter of A. E. Fire Ins. Co. v. New Jersey Ins. Co., 240 N. Y. 398). The Second Preliminary Report referred to above expressly so recognizes: ‘ ‘ The court may appoint an arbitrator on terms; for example, it may order that testimony be reheard before the new arbitrator ” (p. 137). There are vague suggestions in petitioner’s answering affidavit that respondent has acted in bad faith, but nothing factual to support the suggestions. Petitioner’s rights can be protected adequately by directing that testimony taken and arguments made be reheard by all three arbitrators after the new arbitrator is appointed and by directing that, regardless of the outcome of the arbitration, the costs of the proceedings taken while respondent’s original arbitrator was in office be paid by respondent.
While respondent is, thus, entitled to the designation of a new arbitrator, the appointment under CPLR 7504 is that of the court. In most cases such an appointment should be made independently and not on the basis of suggestion from a party. Where, however, the parties provide for tripartite arbitration, and especially where, as here, each party designates his own *10 attorney as his arbitrator, the right to have the vacancy filled “would be of little moment were it to comprehend solely the choice of a ‘ neutral ’ ” (Matter of Astoria Med. Group, 11 N Y 2d 128, 135). While the latter statement was made in a slightly different context, the Astoria case is a frank recognition of the fact that the initial arbitrators in a tripartite arbitration represent the “ sides ” that appoint them. Such being the case, the court deems it proper in the instant case to appoint respondent’s designee. Settle order on notice appointing Waters, subject to the conditions set forth above.