Bertram Harnett, J.
The parties, equal shareholders of a New York corporation, agreed in March of 1967 that any dispute between them would he settled by arbitration. The pertinent clause in their agreement reads as follows: “1. If any dispute or disagreement shall arise in connection with either any interpretation of this agreement or the performance or nonperformance thereof, or the operation of the business of Kemwash of New York, Inc., and if such dispute or disagreement shall not be settled in writing within five (5) days after it shall arise, then, and in such event, the matter in controversy shall be settled by arbitration in accordance with the laws of the State of New York, by three arbitrators, one of whom shall be selected by each of the parties hereto and the third by the two arbitrators so selected. If the selection of any arbitrator' shall not he made within fifteen (15) days of the time that either party shall notify the other of the name of the arbitrator selected by the notifying party, then the arbitrator or arbitrators not selected shall be appointed in the manner provided by the laws of the State of New York.”
A dispute arose and Mr. Koppelman sought to commence arbitration by notifying Mr. Grant on March 28, 1968 of his appointment of an arbitrator. Mr. Grant refused to appoint an arbitrator.
Mr. Grant instead petitioned in this court to stay arbitration. His petition was dismissed by a judgment dated June 14, 1968 and later his motion for leave to renew his petition to stay *273 arbitration was denied on October 28, 1968. Mr. Grant has appealed both the dismissal of the original petition and the denial of the leave to renew.
Mr. Koppelman now moves in this proceeding to have the second arbitrator appointed. Mr. Grant resists this motion, claiming that the appeal of the judgment dismissing his petition to stay arbitration automatically stays the judgment. This argument is without merit, since CPLR 5519 does not provide for an automatic stay in the instant proceeding.
Mr. Grant further claims that this court has no jurisdiction over the parties because the June 14, 1968 judgment terminated the proceeding in this court. He contends that this court could obtain jurisdiction over him only if personal service of a new petition in this proceeding were served upon him. In our opinion, this contention is incorrect. CPLR 403 (subd. [d]) provides: “ The court may grant an order to show cause to be served, in lieu of a notice of petition at a time and in a manner specified herein.” The order to show cause signed by Mr. Justice Sullivan on November 8, 1968, bringing on this proceeding, provided for service upon Mr. Grant’s attorney, Charles E. Skoller. Such service was timely effected. Jurisdiction was properly obtained over Mr. Grant, who appeared by another attorney and argued the motion as well as a cross motion, submitted and affirmed by Mr. Skoller.
On the merits, the court notes that a judgment has been entered dismissing Mr. Grant’s motion to stay arbitration and that Mr. Grant has failed to appoint an arbitrator within 15 days after notification of the appointment of Joseph A. Fontanelli, Jr., as arbitrator by Mr. Koppelman. While this court would be justified in appointing an immediate second arbitrator (CPLR 7504; Matter of Klines [Green], 2 A D 2d 373, affd. 3 N Y 2d 816), the right to appoint an arbitrator is a substantial one, and a party should have the opportunity, if one can be reasonably given, to appoint an arbitrator of his own choice (Matter of Astoria Med. Group [Health Ins. Plan], 11 N Y 2d 128; Matter of Karpinecz [Marshall], 48 Misc 2d 8).
Accordingly, Mr. Grant shall have the right to appoint a second arbitrator by serving a notice of appointment of such second arbitrator on Mr. Koppelman within 15 days after service of a copy of this order on him, with notice of entry. However, if Mr. Grant fails to make such appointment, the court, pursuant to CPLR 7504, appoints Jerome M. Lasky, Esq., of 51 West 51st Street, New York, New York, as a second arbitrator, to meet with Joseph A. Fontanelli, Jr., the arbitrator appointed by Mr. Koppelman, for the purpose of selecting a third arbi *274 trator so that the dispute between the parties may be resolved (Matter of Klines [Green], supra; cf. Matter of Maizuru Shipbuilding & Eng. Co. [Transoceanic Tramp Ships], 26 A D 2d 541).
The court has examined a voluminous file embracing the original motion to stay arbitration and the application for leave to renew the dismissal of the petition to stay arbitration. It is obvious that much acrimony exists between the parties and there is little sign that this will be abated. It is not in the interest of the parties, the courts or society to postpone substantive action. In an effort to cut through the morass of procedural adhesions, and to effect expeditious justice, this court directs, if the arbitrator appointed by Mr. Grant and Mr. Fontanelli are unable to agree upon a third arbitrator within 5 days after their appointment, that Jerome M. Lasky, Esq., if he is not the second arbitrator, be appointed as the third arbitrator. The court feels constrained to make this unusual direction because the sharpness of the controversy between the parties forebodes that their nominees might not be able to co-operate with each other. Arbitration affords a means of obtaining an expeditious and effective settlement of a dispute (Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, affd. 300 N. Y. 586) where, in effect, the parties charter a private tribunal to settle their disputes (Matter of Astoria Med. Group, supra). While the court wishes the arbitration process to proceed free of interference from the court, it also wishes to prevent its being frustrated and delayed by further recourse to the court if a third arbitrator cannot be selected expeditiously. This is in keeping with the policy enunciated in Matter of Grayson-Robinson Stores (Iris Constr. Corp.) (8 N Y 2d 133) of promoting arbitration to ease the current congestion of court calendars.
Pursuant to its desire to offer the minimum interference with arbitration, this court has deliberately refrained from designating a contingent third arbitrator in the event Mr. Lasky becomes operative as the second arbitrator.