## (February 28, 1967)

■   In the Matter of the Arbitration between JOSEPH DI STASIO, Appellant, and GABRIEL S. AVALLONE et al., Respondents.

APPEAL from that part of an order of the Supreme Court at Special Term, entered July 7, 1965 in New York County, which denied a motion by petitioner for an order directing respondents to appoint only one arbitrator but on the contrary directed that petitioner and each of the respondents appoint an arbitrator; and amended the caption of the action.

MEMORANDUM BY THE COURT. Order, entered on July 7, 1965, directing that petitioner, and each of the respondents appoint an arbitrator, and amending the caption of the action, affirmed, with $30 costs and disbursements to respondents. The majority agrees with the conclusion of Sarafite, J., at Special Term, that the applicable contract provision, Paragraph 13, when read " in the context of the entire agreement indicates that the parties contemplated one arbitrator for each signer. The inclusion of statements relating to majority rule by the arbitrators and procedure to be followed in the event of a tie vote between two arbitrators is in no way inconsistent with the initial broad agreement for the arbitration of disputes between two or more of the parties. The language may be reasonably construed to mean coverage of all types of disputes between either two or among all three of the individual parties ". Arbitration is basically a creature of contract in which the parties themselves charter a course for the resolution of their disputes, and, in this case, there are three parties to the agreement and pursuant to its terms " each party shall be entitled to appoint an arbitrator ". The court's role is limited to enforcing the terms of the contract and the court does no more than lend its sanction to the agreement of the parties. The parties to an arbitration agreement are generally completely free to agree upon the manner in which arbitrators are to be chosen. (*Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.]*, 11 N Y 2d 128, 132–133.)

STEUER, J. (dissenting). The two respondents are architects and, prior to 1960, were partners in the practice of their profession. In 1960 they entered into negotiations with the petitioner, an engineer, which resulted in a written contract. By the terms of this contract the partnership was dissolved and the three individuals, as individuals, entered into a joint venture to undertake such commitments as they might receive embracing their professional qualifications. Petitioner later became aggrieved, claiming that his share of the earnings of the joint venture was being withheld from him by the respondents. As the contract contained an arbitration clause, he sought relief through this means. Respondents are in accord with the selection of arbitration as a forum but the parties disagree as to the proper composition of the board of arbitrators. The applicable contract provision reads: " 13. In the event of the existence of a dispute among the parties hereto, either with respect to the construction of any of the terms of this contract, or with respect to their respective rights and liabilities hereunder, each party hereby covenants and agrees to submit the same to arbitration. In that event, each party shall be entitled to appoint an arbitrator, and the decision of a majority of the arbitrators shall be binding on all parties. In the event of a tie vote, should there be an even number of arbitrators, the arbitrators shall appoint an umpire, whose vote shall be counted equally together with the respective vote of each arbitrator."

Respondents contend that pursuant to that language each of them is entitled to name an arbitrator, petitioner is likewise entitled to name an arbitrator, and the three so designated shall constitute the court. Petitioner claims that respondents should name one arbitrator between them, he should name one,

and the two so designated should name a third arbitrator, who would be the umpire. Special Term and a majority of my colleagues agree with the respondents' contention. Undoubtedly that conclusion is in the belief that the contract and the law mandate such a determination despite the fact the arbitration will be a mere sham and its determination a foregone conclusion. It is believed that this unfortunate result is not warranted, nor can the court be made the agent for the unconscionable eventuality.

The reason lies in the interpretation of the clause itself. Clearly it is contemplated that situations may arise where three appointed arbitrators would be appropriate, and also other situations in which the facts call for two appointees and an umpire. Respondents do not appear to dispute this but point out that the joint venture in its terms provides for its continuation after the death of any one of the venturers, and that in this contingency only two arbitrators could be appointed. It is not believed that the arbitration provision has such a limited application. Where any two of the three venturers are allied as against the third, there are only two parties to the dispute. If the right of appointment is limited to parties in dispute rather than parties to the agreement, a fair intendment is derived from the language. And the fact that in other places in the agreement the word "party" plainly refers to each individual signatory does not militate against this interpretation. The other parts of the agreement have no reference to disputes. Of course the court is not concerned with making a fair agreement but only with the correct interpretation of what the parties to the agreement have themselves provided. In that connection it is not to be assumed that one signer of the agreement intended to place himself at the mercy of the other two in the event of his disagreeing with them. "In the transactions of business life, sanity of end and aim is at least a presumption, albeit subject to be rebutted." (*Outlet Embroidery Co.* v. *Derwent Mills,* 254 N. Y. 179, 183.) And from the same opinion: "If literalness is sheer absurdity, we are to seek some other meaning whereby reason will be instilled and absurdity avoided."

The argument for a rational interpretation is buttressed when the converse is considered. It has long been recognized that an arbitrator appointed by a party is not impartial (see *Matter of American Eagle Fire Ins. Co.* v. *New Jersey Ins. Co.,* 240 N. Y. 398, 405). In fact, the practice of appointing an arbitrator with known leanings toward the side which appointed him has been asserted to have real benefit to the proper disposition of matters submitted to a tripartite board of arbitrators (see 5 Arb. J. [N.S.] 276) and has been held to be unexceptionable (*Matter of Astoria Med. Group* [*Health Ins. Plan of Greater N. Y.*], 11 N Y 2d 128).

At one time in the rapid development of arbitration law it was held that all arbitrators, including those named by parties, must be impartial (*Matter of Shirley Silk Co.* [*American Silk Mills*], 260 App. Div. 572; Civ. Prac. Act, § 1462, subd. 2). As seen in the instance of tripartite arbitrations, this is no longer the rule. The relaxation of the original concept is not due only to the reasons that no injustice will result if the umpire is independent and that the latter can gain from the appointees' familiarity with the subject matter, but also because of two other factors, namely, because appointment of one believed to be favorable is usual and also because disqualifying an appointee for prejudice presents difficult factual questions the resolution of which has proved a serious impediment to the efficient exercise of arbitration. In this respect, the law has been molded largely by the conduct of persons resorting to arbitration. And while it is undoubtedly true that parties to a contract may make whatever provisions they see fit for the designation of arbitrators (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58), it must further be assumed that they

intended to provide for an arbitration which would be determined on the merits, rather than one in which the composition of the board left them no reasonable chance of an impartial hearing. As the arbitration clause here admits of an interpretation providing for an impartial umpire, that interpretation should be adopted.

The order entered July 7, 1965, should be modified on the facts and the law to provide that respondents should select one arbitrator between them, who, with the arbitrator designated by the petitioner, shall select an umpire, and the arbitration shall proceed before them.

Stevens, J. P., Capozzoli and Rabin, JJ., concur in Memorandum by the Court; Steuer, J., dissents in opinion.

Order, entered on July 7, 1965, affirmed, with $30 costs and disbursements to respondents.