LARRY KUSHLIN, Appellant, *v.* DAVID J. BIALER et al., Doing Business as STYLEART ENGRAVING COMPANY, Respondents.

First Department, June 26, 1969.

*Benjamin Asarch* of counsel (*Tachna, Bauman, Asarch & Altomerianos,* attorneys), for appellant.

*Peter A. Jaffe* of counsel (*Benjamin Jaffe* with him on the brief; *Benjamin Jaffe* and *Peter A. Jaffe,* attorneys), for respondents.

McNALLY, J. Special Term stayed prosecution of this action pending arbitration as provided in the agreement of the parties dated February 1, 1955.

The agreement provides (par. 20) '' these arbitrators shall be selected one by each of the partners.'' Plaintiff-appellant argues

the other two parties to the agreement, the individual defendants, are aligned against him, therefore the contract provision for selection of arbitrators is unfair and should not be enforced.

Appellant does not rely on ambiguity. There is, therefore, no basis for construction. It is well settled that a court may not, under the guise of interpretation, remake a contract to implement an unexpressed intention. (*Rodolitz* v. *Neptune Paper Prods.*, 22 N Y 2d 383, 386.) It was otherwise in *Matter of Di Stasio (Avallone)* (27 A D 2d 726, revd. on dissenting opn. 21 N Y 2d 665). There the provision for selection of arbitrators was " each party shall be entitled to appoint an arbitrator." In the circumstances present in *Di Stasio,* it was held that the phrase " each party " had reference to the parties to the dispute, not the parties to the agreement. On the phraseology of that contract it was held the opposing parties to the dispute should be aligned and each side shall have the right to select one arbitrator. The difficulty here is that the contract unambiguously provides for the right of selection of an arbitrator by " each of the partners ". No rational basis is advanced for interpretation — there is no ambiguity.

The parties to the agreement were free to adopt their own method of selection of arbitrators, and the court is required to enforce the agreement of the parties. (*Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.]*, 11 N Y 2d 128, 133.) Partisanship in the selection of arbitrators does not preclude enforcement of the provision for arbitration (p. 136). Even in the case of a single arbitrator named in the provision for arbitration, the nominee of one of the parties to the dispute, arbitration as agreed will be enforced. (*Matter of Amtorg Trading Corp.* v. *Camden Fibre Mills,* 304 N. Y. 519.) If there be misconduct on the part of the arbitrators to be selected, then there may be recourse under CPLR 7511. (*Matter of Lipschutz [Gutwirth]*, 304 N. Y. 58, 65; *Matter of Astoria Med. Group, supra,* p. 137.)

The order should be affirmed, with costs.

Nunez, J. (dissenting). Appellant and the two respondents were partners conducting an engraving business under a written partnership agreement. Due to disagreements between the appellant and respondents, appellant exercised his option to retire from the business by giving written notice to the respondents. Appellant thereupon demanded that respondents account to him for his interest in the partnership, and, upon refusal, brought an action in the Supreme Court for an accounting of

the partnership assets. Respondents moved to stay that action and for arbitration pursuant to the partnership agreement. Special Term granted the stay and this appeal followed.

The applicable contract provision reads: " 20. That, if any disagreement shall arise between any members of the partnership that cannot be resolved by the partners concerning vital matters, the same shall be decided and determined by arbitrators, and these arbitrators shall be selected one by each of the partners. The decision of two of the arbitrators so selected shall, when made in writing, be conclusive upon the parties hereto. ''

Appellant blames respondents and respondents place the onus upon appellant for his separation from the partnership. Be that as it may, the fact is that presently the dispute is between appellant on one side, and the two respondents on the other.

Respondents contend that pursuant to the terms of the agreement each of them is entitled to name an arbitrator, appellant is likewise entitled to name an arbitrator and the decision of two of the arbitrators so selected shall be conclusive upon the parties. Appellant claims that the alignment of the parties was not contemplated when the contract containing the arbitration clause was executed; that the alignment of the defendants against him caused the breakup of the business and that for them to select two arbitrators to his one would be a mockery of justice and would be patently inequitable. He has no objection to submitting the matter to three arbitrators from a panel of the American Arbitration Association or for the court to select the arbitrators or designate the panel from which they are to be chosen. In other words, appellant seeks only a fair method of selecting the arbitrators and does not object to arbitration as such. Special Term and a majority of my colleagues agree with the respondents' contention.

Clearly, where any two or three partners are aligned as against a third, there are only two parties to the dispute. If the right of selection is limited to parties in dispute rather than parties to the agreement, a fair intendment is derived from the language. We are here concerned not with making a fair agreement, but only with the correct interpretation of what the parties to the agreement have themselves provided. Viewed in this light, it is not to be assumed that one party intended to place himself at the mercy of the other two in the event of his disagreeing with them. " In the transactions of business life, sanity of end and aim is at least a presumption, albeit subject to be rebutted." (*Outlet Embroidery Co.* v. *Derwent Mills*, 254

N. Y. 179, 183.) And from the same opinion: " If literalness is sheer absurdity, we are to seek some other meaning whereby reason will be instilled and absurdity avoided."

Special Term stated that " Partiality of the arbitrators will not be anticipated. Assuming that it should occur, the plaintiff has a remedy (Cf. CPLR 7511)."

It has long been recognized that an arbitrator appointed by a party is not impartial (see *Matter of American Eagle Fire Ins. Co.* v. *New Jersey Ins. Co.*, 240 N. Y. 398, 405; dissenting opn. in *Matter of Di Stasio* [*Avallone*], 27 A D 2d 726, revd. by the Court of Appeals on the dissenting opn. 21 N Y 2d 665). In fact, the practice of appointing an arbitrator with known leanings toward the side which appointed him has been asserted to have real benefit to the proper disposition of matters submitted to a tripartite board of arbitrators (see 5 Arb. J. [N. S.] 276) and has been held to be unexceptionable (*Matter of Astoria Med. Group* [*Health Ins. Plan of Greater N. Y.*], 11 N Y 2d 128; dissenting opn. in *Matter of Di Stasio* [*Avallone*], *supra*).

While it is true that parties to a contract may make whatever provisions they see fit for the designation of arbitrators (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58), it must further be assumed that they intended to provide for an arbitration which would be determined on the merits, rather than one in which the composition of the board left them no reasonable chance of an impartial hearing.

In *Matter of Astoria Med. Group* (*Health Ins. Plan of Greater N. Y.*) (*supra*, p. 136) the Court of Appeals stated: " On the contrary, this court many years ago recognized that, although every arbitrator must act fairly and impartially in arriving at a decision and making an award, ' a known interest does not disqualify and the parties may not complain merely because the arbitrators named were known to be chosen with a view to a particular relationship to their nominator or to the subject-matter of the controversy '."

In my view *Matter of Di Stasio* (*Avallone*) (*supra*) is dispositive here. In *Di Stasio*, as in this case, there were three partners and the applicable contract provision providing for arbitration contemplated one arbitrator for each partner. The majority of this court affirmed Special Term holding that when read " in the context of the entire agreement indicates that the parties contemplated one arbitrator for each signer * * * Arbitration is basically a creature of contract in which the parties themselves charter a course for the resolution of their disputes, and, in this case, there are three parties to the agree-

ment and pursuant to its terms ' each party shall be entitled to appoint an arbitrator '. The court's role is limited to enforcing the terms of the contract and the court does no more than lend its sanction to the agreement of the parties. The parties to an arbitration agreement are generally completely free to agree upon the manner in which arbitrators are to be chosen.'' As I understand the reasoning of my colleagues they are affirming this judgment on the same reasoning as the majority in *Di Stasio*.

In *Di Stasio,* however, Mr. Justice STEUER dissented. He wrote that (p. 727) : '' Where any two of the three venturers are aligned as against the third, there are only two parties to the dispute. * * * In that connection it is not to be assumed that one signer of the agreement intended to place himself at the mercy of the other two in the event of his disagreeing with them.'' Justice STEUER maintained that the two respondents should select one arbitrator between them, who, with the arbitrator designated by the petitioner, should select an umpire, and the arbitration should proceed before them. The Court of Appeals unanimously reversed the judgment of this court on Justice STEUER's dissenting opinion. I am unable to differentiate *Di Stasio* from this case.

The order entered January 13, 1969 should be modified on the facts and the law to provide that the dispute should be submitted to arbitration by one of the following methods to be selected by respondents: (1) three arbitrators to be selected from a panel of the American Arbitration Association, (2) three arbitrators to be selected by the court, or (3) three arbitrators to be selected from a panel to be designated by the court.

STEVENS, P. J., EAGER and McGIVERN, JJ., concur with McNALLY, J.; NUNEZ, J., dissents in opinion.

Order entered on January 13, 1969, affirmed, with $30 costs and disbursements to the respondents.