OPINION OF THE COURT
Roger J. Miner, J.
In this proceeding pursuant to CPLR article 78 the petitioner seeks to annul a determination made by the Industrial Board of Appeals on April 11, 1978 revoking an order issued by petitioner directing the payment of wage supplements. (Labor Law, § 102, subd 2.)
The respondent, a domestic corporation, sold its plant to another manufacturing firm and terminated its business on August 31, 1976. A collective bargaining agreement governing respondent’s relations with its employees was in effect at that time. Contending that they were entitled to certain accrued vacation pay for 1976, respondent’s employees filed a claim therefor with petitioner, and after investigation, petitioner directed the respondent to pay the wage supplements sought in the sum of $11,221.79. Respondent appealed to the Industrial Board of Appeals, which determined that the respondent was not liable for such payments, and this proceeding ensued.
Article VIII of the collective bargaining agreement between respondent and the union representing the employees is entitled "Vacations.” It is therein provided that all employees having one or more years of service on January 1, 1976 shall be entitled to vacation pay, the amount of such pay to be based upon years of service according to an established formula. It is further provided as follows: "The calculating time for vacation pay is based on the calendar year, January 1, 1975 to December 31, 1975.” There is no question that vacation payments were made to the employees in 1976 on the basis of their 1975 employment. It appears that the agreement terminated pursuant to appropriate notice on August 31, 1976.
It is petitioner’s position that vacation pay constitutes additional wages earned on a day-to-day basis, that January 1, 1977 was a date fixed for administrative convenience only and that, if employment on that date was a prerequisite for the receipt of benefits, the employees were unable to fulfill the prerequisite due to the unilateral action of respondent in closing its plant. The Board of Appeals’ determination was grounded upon the absence of any contract provision for *942 accrual of vacation time and upon the finding that employment status on January 1, 1977 was a necessary condition to the payment of vacation benefits earned in 1976.
 Petitioner is empowered to enforce the provisions of the Labor Law relating to the payment of vacation pay, a form of benefit or wage supplement. (Labor Law, § 21, 198-c.) However, it must first be established that the employer "is party to an agreement to pay or provide benefits or wage supplements”. (Labor Law, § 198-c, subd 1.) Where such an agreement exists, employees may be entitled to pro rata vacation benefits when a manufacturing plant has been closed prior to the date set in the agreement for payment. (33 NY Jur, Labor and Labor Relations, § 208; 48 Am Jur 2d, Labor and Labor Relations, § 1237.) Under such circumstances, or where the employees continue their employment under an expired agreement, the court will look to the "measuring year” rather than to the "vacation year” to determine eligibility. (Local 58, United Rubber, Cork, Linoleum & Plastic Workers of Amer., AFL-CIO, v Sun Prods. Corp., 521 F2d 1286; Watson v Prentice-Hall, 50 AD2d 1077.) The employer’s unilateral action in closing its plant is then considered” a refusal to accept the proffer of continued performance on the part of the employees” so as to remove the obligation of working until the eligibility date. (Local Union No. 186, United Packinghouse Food & Allied Workers, AFL-CIO v Armour & Co., 446 F2d 610, 615.)
 Here, the collective bargaining agreement, by its terms, expired on August 31, 1976, the date when the plant was closed and the employees discharged. There was no agreement whatsoever providing for the payment of vacation benefits in 1977 based upon work performed in 1976. "It is well settled that a court may not, under the guise of interpretation, remake a contract to implement an unexpressed intention.” (Kushlin v Bialer, 32 AD2d 217, 218, app dsmd 26 NY2d 748.) Since there was no provision for vacation pay for the period in question, it follows that petitioner has no authority to seek vacation pay benefits for the former employees of respondent. The determination of the Industrial Board of Appeals must be confirmed.