■ In the Matter of JOSEPH MECCA, Respondent, v STATEN ISLAND RADIOLOGICAL ASSOCIATES, P. C., et al., Appellants.—In a proceeding pursuant to CPLR article 75 to compel arbitration, for court appointment of an additional "neutral" arbitra-

tor, and to disqualify four "additional" arbitrators, the appeal is from an order of the Supreme Court, Richmond County (Cusick, J.), entered June 26, 1989, which, in effect, granted the petition to the extent of disqualifying the four "additional" arbitrators and directing the appointment of an additional "neutral" arbitrator unless the two remaining arbitrators could agree upon such an arbitrator within a designated time period, and denied the cross application to compel arbitration to proceed with the four additional arbitrators, or in the alternative, to stay arbitration.

Ordered that the order is affirmed, with costs.

The petitioner Joseph Mecca, M.D., was an employee and shareholder of the appellant Staten Island Radiological Associates, P. C. (hereinafter SIRA), until the termination of his employment on or about July 1, 1985. Upon his association with SIRA in 1982, Mecca became a party to both an employment and a shareholders' agreement. Those agreements specified arbitration as the method for resolution of any disputes between the parties. Following his discharge, Mecca sought arbitration of disputes concerning his severance pay and the redemption of his shares in SIRA.

At issue here is the construction of the arbitration clause of the shareholders' agreement. The parties disagree as to whether the language, "each such party shall appoint one * * * arbitrator", means each party to the dispute or each party as a signatory to the agreement. Mecca and SIRA appointed one arbitrator each and the four remaining shareholders in SIRA also attempted to designate one arbitrator each. This construction of the arbitration clause would permit SIRA and its shareholders to align a greater number of appointees against Mecca's single appointee. The court found that this construction would be unreasonable and contrary to the parties' intentions at the time the agreement was entered into. We agree. The proper construction of the words "each party" is each party to the dispute, not each signatory to the arbitration agreement. Any other construction would render the arbitration a "sham and its determination a foregone conclusion" (Matter of Di Stasio [Avallone], 27 AD2d 726, 727 [Steuer, J., dissenting], mod 21 NY2d 665).

Finally, the court's reservation of the power to appoint a neutral arbitrator should the two presently designated arbitrators be unable to agree or act upon such an appointment, is authorized not only by CPLR 7504, but also by the arbitration agreement. Mangano, P. J., Bracken, Lawrence and Ritter, JJ., concur.