■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. [630 NYS2d 412] —Mikoll, J. P. Appeal from an order of the Court of Claims (Benza, J.), entered June 10, 1994, which, *inter alia*, granted the State's cross motion for summary judgment dismissing the claim.

Claimant, an electric and gas corporation, operates a

hydroelectric power plant at Dam C-3 (hereinafter the dam),* a dam and lock structure owned by the State. The dam is located on the Hudson River at the Town of Stillwater in Saratoga County. In 1922 claimant's predecessor in interest and the State executed an agreement whereby, *inter alia,* the State agreed that the Department of Transportation would maintain the lock and the dam. In 1982 the parties expressly reaffirmed that agreement, agreeing that the State would still be responsible for the maintenance and that claimant would be responsible for meeting any requirements imposed by the Federal Energy Regulatory Commission (hereinafter FERC) that exceeded what would be necessary for the operation of the dam, absent the presence of a hydroelectric plant.

A 1982 "Evaluation of Existing Conditions and Rehabilitative Requirements" for the dam (hereinafter the evaluation) commissioned by the State and performed by an independent consulting firm concluded that the dam had "a marginal factor of safety against overturning and an unacceptable factor of safety against sliding". Although the evaluation further "concluded that the dam is not considered 'unsafe' and immediate action to increase stability is not required", it also stated that "[p]ost-tensioned anchorages were considered to be the most economical method for stabilization of the dam". FERC required that the dam be stabilized before it would grant claimant a license to operate its hydroelectric plant. Claimant demanded that the State take responsibility for stabilization of the dam and, when the State failed to do so, undertook the necessary work in 1988 and 1989.

Claimant thereafter commenced an action to, *inter alia,* recover the cost of the repairs on the dam from the State. Claimant's cause of action for unjust enrichment was dismissed and subsequently claimant moved for summary judgment on its breach of contract cause of action. The State then cross-moved for summary judgment dismissing the claim. The Court of Claims denied claimant's motion, granted the State's cross motion and dismissed the claim. Claimant has appealed.

The order dismissing the claim should be affirmed. The Court of Claims correctly concluded that there were no questions of fact to be determined at a trial and, therefore, rendered summary judgment in favor of the State (*see, Ugarriza v Schmieder,* 46 NY2d 471, 473; *Stone v Goodson,* 8 NY2d 8).

The Court of Claims properly concluded that the only issue to be determined was whether the work had to be undertaken

---

* The dam is also known as the Mechanicville Dam.

at the time claimant caused the work to be performed or whether it could be done at a later time. It was the State's responsibility to keep the waters navigable and it was clear that, absent the increase in the size of the water crest occasioned by claimant's operation of the dam, the work in dispute could be performed at a future date. The State's argument that it could wait until funds were made available in the future for the work is persuasive. Nonperformance of a required duty under a contract is not a breach of the contract until the performance is due (see, Restatement, Contracts 2d, § 235, comment b). The Court of Claims correctly concluded, in view of the language of the contract, that the timing of performance of the work was solely in the discretion of the State. Hence, as the State's performance was not yet due, there had been no breach of the contract by the State.

Moreover, the contract provided that if claimant failed to perform the required maintenance, the State could perform the maintenance and then recover its damages "in an appropriate action or proceeding". There was no provision granting claimant the right to such remedy. Absent such a provision or an ambiguity in the contract, the court cannot create such remedy and make it available to claimant (see, e.g., Kushlin v Bialer, 32 AD2d 217, appeal dismissed 26 NY2d 748; Bregoff v Rubien, 12 AD2d 92, affd 10 NY2d 763). As the contract gave the specific remedy to the State but not to claimant, it is evident that the parties contemplated a breach and the failure to grant a reciprocal remedy to claimant is deemed intentional, leaving claimant without that remedy.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.