■ In the Matter of TOWN OF WALLKILL INDUSTRIAL DEVELOPMENT AGENCY, Appellant, v ASSESSOR OF THE TOWN OF WALLKILL et al., Respondents. [728 NYS2d 683] —In 19 consolidated tax certiorari proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments on the petitioner's property, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Palella, J.), dated April 28, 2000, as denied its motion to appoint neutral arbitrators.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a prior appeal, this Court upheld an order compelling the appellant to submit its real estate tax assessment disputes to arbitration pursuant to the arbitration clause in the parties' "payments in lieu of taxes" (hereinafter PILOT) agreement (*see, Matter of Town of Wallkill Indus. Dev. Agency v Assessor of Town of Wallkill,* 270 AD2d 494). Contrary to the appellant's contentions, it did not demonstrate its entitlement to any relief from the clear and unambiguous terms of the arbitration clause, which provides that each of the three parties to the PILOT agreement select one qualified real estate appraiser as an arbitrator (*see, Kushlin v Bialer,* 32 AD2d 217; *cf., Matter of Di Stasio [Avallone],* 21 NY2d 665, *mod on dissent at* 27 AD2d 726; *Matter of Mecca v Staten Is. Radiological Assocs.,* 167 AD2d 543). The appellant entered into the PILOT agreement with its "business eyes open" and eagerly accepted the benefits of the deal that enabled it to build its shopping center. It may not obtain relief now because it perceives that the terms of the arbitration clause are disadvantageous (*see, Westinghouse Elec. Corp. v New York City Tr. Auth.,* 82 NY2d 47, 54).

The appellant's remaining contentions are without merit. O'Brien, J. P., S. Miller, McGinity and Luciano, JJ., concur.