■ ROBERT W. NEWTON et al., Respondents, v PETER D. BOORAS et al., Appellants.—In a proceeding to stay arbitration on the ground that Peter Booras and Edith Booras have failed to comply with that portion of the underlying contract which prescribes the method of selecting the arbitrators, the appeal is from a judgment of the Supreme Court, Orange County, dated February 6, 1979, which granted petitioners' application to the limited extent of directing appellants to recognize petitioners' right to choose an arbitrator under the contract. Judgment reversed, on the law, with $50 costs and disbursements, and application denied. The parties are directed to proceed to arbitration forthwith. The parties hereto executed a partnership agreement in 1965, under which they agreed to arbitrate disputes. It provides that "such difference shall be submitted to the arbitration of three disinterested persons; one to be appointed by each of the parties to the dispute or disagreement and the third to be chosen by the two so appointed. If either party to the dispute neglects to appoint an arbitrator within ten days after service upon him, or them, of notice to appoint an arbitrator, then the arbitrator appointed by the party giving notice shall proceed to hear and determine the matters * * * and the award or decision made by the arbitrator, or arbitrators, shall be final and conclusive as to the parties to this agreement". Appellants served a proper demand for arbitration, which contained, *inter alia,* the provision quoted above. Petitioners failed to take any action whatsoever within the required period; then, after expiration of the 10-day period, they moved pursuant to CPLR 7503 (subd [b]) to stay the arbitration upon the ground that the partnership had been dissolved more than six years prior thereto and, arbitration being a contractual right, it was barred by the Statute of Limitations. Petitioners' application was denied and only then did they attempt to appoint an arbitrator, while also proceeding to appeal the judgment denying their application. The judgment was affirmed *(Newton v Booras,* 65 AD2d 962) and thereafter petitioners again attempted to appoint an arbitrator. The appellants rejected both appointments as untimely pursuant to the partnership agreement. Petitioners then commenced this proceeding again seeking to stay arbitration "until such time as the arbitration panel is selected in accordance with the terms of the subject agreement". Redefining petitioners' proceeding as one "for an order determining the question of petitioners' waiver of their right to choose an arbitrator", Special Term ignored the parties' agreed upon 10-day limitation on the right to appoint an arbitrator and held that a "good faith application to stay arbitration * * * did not affect *[sic]* a waiver" of that right. Special Term erred in so holding. The parties employed clear and unambiguous language to express their intent to limit themselves to 10 days within which either might appoint an arbitrator in response to the other's demand for arbitration. The petitioners have raised no issue of fraud or overreaching in the execution of their agreement, and clearly permitted more than 10 days to pass before attempting to assert their right. We hold that by so delaying, petitioners waived their right to choose an arbitrator and are therefore bound pursuant to their agreement, to have their dispute heard and determined by the arbitrator appointed by appellants. We would note further that *Matter of Maizuru Shipbuilding & Eng. Co.* (26 AD2d 541), cited by our distinguished colleague, does not

require a contrary result. In that case, the contract provided for a 30-day period within which a party could appoint an arbitrator of its choice after service of a demand for arbitration by the other party. Maizuru was served with such a demand but chose to seek a stay of arbitration rather than to name an arbitrator. It moved for the stay 11 days after service, well within the period permitted for a response under the agreement. The court wrote (p 542): "The designation by the petitioner of an arbitrator as required by the contract between the parties was delayed pending a proceeding instituted by the petitioner for a stay of arbitration and pending the determination of an appeal from an order denying the stay, and it does not appear that the petitioner's default, if any, in naming its arbitrator, was deliberately or willfully suffered." In marked contrast, the designation of an arbitrator in the instant case was not delayed by any pending proceeding. The petitioners first moved for a stay some time after the 10-day period set forth in the agreement had passed, and they had done nothing during that time to preserve their rights. They neither appointed an arbitrator nor sought a stay. Accordingly, unlike in *Maizuru,* the petitioners at bar did indeed waive their rights under the agreement. Mollen, P. J., Titone and Mangano, JJ., concur.

Hopkins, J., dissents and votes to affirm the judgment, with the following memorandum: The right of the petitioners under the contract to choose an arbitrator is substantial and should not be lost except for a compelling reason (see *Matter of Lipschutz [Gutwirth],* 304 NY 58, 65). The petitioners' challenge to the arbitration instituted by the appellants on the ground of the lapse of the Statute of Limitations (see *Newton v Booras,* 65 AD2d 962) was brought within the time prescribed by statute (see CPLR 7503, subd [c]). The choice of an arbitrator was thereafter made by the petitioners shortly after the adverse determination by Special Term of their claim of untimeliness—a claim which cannot be said to be utterly baseless or advanced in bad faith. Hence, the default in appointment of an arbitrator by the petitioners within the time limit of the contract was neither willful nor in deliberate disregard of the contract and should not constitute a waiver of the right to choose an arbitrator (see *Matter of Maizuru Shipbuilding & Eng. Co.,* 26 AD2d 541). The petitioners should not be put to the insoluble dilemma of either giving up their right to oppose arbitration or giving up their right to appoint an arbitrator.