(March 18, 2003)

■ EVEREST REINSURANCE COMPANY, Appellant, v ROM REINSURANCE MANAGEMENT COMPANY, INC., Respondent. [756 NYS2d 739] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 2, 2002, which dismissed the petition brought pursuant to CPLR article 75 to stay arbitration, and

directed the parties to proceed to arbitration, unanimously affirmed, without costs.

The Federal Arbitration Act, which the parties agree governs enforcement of their arbitration agreement, requires rigorous adherence to the agreement's plain terms (*see Matter of Salvano v Merrill, Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 181-182 [1995]). Accordingly, where the agreement's unambiguous language requires a certain action by a certain time, enforcement of that deadline may not be avoided by citing the absence of an explicit stipulation that time is of the essence (*see Universal Reins. Corp. v Allstate Ins. Co.*, 16 F3d 125, 128 [1993]). It is undisputed that petitioner did not communicate its choice of arbitrator to respondent until after the stipulated deadline (*see Newton v Booras*, 73 AD2d 593, 594 [1979], *affd* 50 NY2d 967 [1980]; *cf., Matter of Maizuru Shipbuilding & Eng'g Co.*, 26 AD2d 541, 542 [1966]). Since the phrase "fail to choose" is not ambiguous, and since the requirement of making a choice necessarily includes an implicit requirement that the choice be communicated (*see Matter of Evanston Ins. Co. v Gerling Global Reins. Corp.-U.S. Branch*, 1990 WL 141442, *2, 1990 US Dist LEXIS 12521, *4-5 [ND Ill, Sept. 24, 1990]), we conclude that petitioner failed to choose an arbitrator by the deadline (*cf., Matter of Argonaut Midwest Ins. Co. v General Reins. Corp.*, 1998 WL 474142, 1998 US Dist LEXIS 12497 [ND Ill, Aug. 6, 1998]), entitling respondent to make the choice under the terms of the arbitration agreement. We have considered petitioner's remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Sullivan, Ellerin and Lerner, JJ.